### MASON v. CONNORS et al.

#### (Circuit Court, D. Vermont. April 21, 1904.)

1. PROCESS—SERVICE ON NONRESIDENT—VERMONT STATUTE.

The statutes of Vermont do not authorize service of summons on nonresident defendants by leaving copies thereof with a codefendant who is served within the state, where there is no attachment of property or credits.

2. SAME—NONRESIDENT TEMPORARILY IN STATE.

Under the laws of Vermont, personal service of summons on a defendant within the state gives the court jurisdiction to render a personal judgment against him, although he is a nonresident, and was only temporarily within the state, unless his presence there was for a purpose which rendered him privileged.

3. PARTIES—ACTION AGAINST PARTNERS—SERVICE ON SINGLE DEFENDANT.

The fact that a summons describes the defendants named therein as "partners" will not prevent the action from proceeding against one, who alone was served, where the declaration does not show a joint cause of action.

At Law. On plea to jurisdiction.

Rufus E. Brown and R. W. Taft, for plaintiff.

Edmund C. Mower and Cassius R. Peck, for defendants.

WHEELER, District Judge. The plaintiff, of Burlington, Vt., took out a writ of summons and attachment in an action of assumpsit against "E. F. Connors, D. E. Connors, and T. H. Connors, doing business, under the firm name and style of Connors Bros., at Newport," Vt., demanding damages in $5,000, summoning the Pauly Jail Building Company, a corporation of Missouri, trustee, and returnable to Chittenden county court of the state. The sheriff served the writ at Newport on the second vice president and general eastern manager of the trustee, and by "giving J. H. Connors one of the defendants within named, a true and attested copy of the original writ with my return thereon endorsed," and by leaving with John H. Connors, "for E. F. Connors and D. E. Connors each who reside without this State and have no known agent or attorney within this State upon whom to

¶ 2. See Process, vol. 40, Cent. Dig. § 70.

make service thereon, true and attested copies of this original writ with my return hereon thereon endorsed for said defendants."

The defendants, citizens of Massachusetts, appeared specially to plead to the jurisdiction, removed the cause to this court, and here John H. Connors specially pleads to the jurisdiction of the state court, and says that he is not and never has been resident of the state of Vermont, and has no authorized agent resident there; that the trustee never had a place of business, or office, or agent resident there, but is now, and has for more than five years been, in Boston, in the state of Massachusetts; that no attachment was made of the defendants' property there, nor any service of copies made on the trustee for either of the defendants; and "that said John H. Connors was in the said state of Vermont temporarily, and for the special purpose of superintending the building of a courthouse, customhouse, and postoffice for the United States at said Newport, with the intention of returning to his domicile and residence in said Boston, in said state of Massachusetts, as soon as said superintendence was ended"; wherefore he moves the court to abate the writ, dismiss the action, allow the defendants their costs, and "make such other orders and judgments as the circumstances require." The trustee has been discharged by the plaintiff, and no service has, according to the face of the proceedings, been made, otherwise than as stated, and the question of jurisdiction has been heard upon them.

The John H. Connors appearing and filing this plea submits himself as, and is taken to be, the J. H. Connors mentioned in the sheriff's return, and the same person named as D. H. Connors in the writ, and he is to be so considered. The difference in initials may be a clerical mistake in making the copies entered in this court.

In this state, when suit is commenced against a nonresident defendant by trustee process, constructive service may be made upon the defendant by copy left with the trustee for the defendant (V. S. 1319), and if the trustee is discharged such service fails (Id. 1321). In this case, there having been no service of copies on the trustee for the defendants, and, if there had been, the trustee being discharged, there is nothing in that behalf to affect the defendants as parties. When personal property of a nonresident is attached, substituted service may be made by copy left with a known agent or attorney, and, for want thereof, at the place of the attachment. Id. 1109. But here was no such attachment or service, and there was no service upon Edward F. or Dennis E. Connors but by leaving a copy for each with John H. Such leaving of a copy with one defendant for another, without any attachment of property, or credits as a basis for it, is not any mode of service provided for by the laws of the state, or known to exist under them. There was nothing resembling legal service upon those defendants, and they had nothing to do to avoid becoming parties but to keep away. As their appearance was limited to objecting to the jurisdiction, it did not make them parties for any other purpose. They cannot be held, and the suit must be dismissed as to them.

The writ required the sheriff to attach the goods, chattels, or estate of the defendants to the value of $5,000, and then notify thereof according to law, and also to notify them to appear before the court,

and to cause their appearance to be entered with the clerk, on or before a day named, to answer to the plaintiff in a plea of the case set forth by the common counts in assumpsit. This notification, apart from the attachment, was a summons, and the writ in that respect was a writ of summons. The law of the state provides (V. S. 1095): "A writ of summons shall be served on the defendant by delivering him a true and attested copy of the writ with the officer's return thereon, or," etc. This writ of summons appears to have been exactly served upon the defendant John H. Connors by delivering to him a true and attested copy of the writ, with the return thereon, according to the statute, within the jurisdiction. This made him a party, liable to any personal judgment that could be rendered in the action, without reference to any attachment, whether a resident of the state or not, unless he had some personal privilege from being sued that he could avail himself of. The difference between making a defendant a party liable to a personal judgment by direct service upon him, and making his property within the jurisdiction liable by constructive service, was well shown by Judge Peck in Price v. Hickok, 39 Vt. 292, and by Mr. Justice Field in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. As to such personal judgments, not residence, but personal service on the defendant within the jurisdiction only, is required. There are privileges from suit even, on coming into a jurisdiction for some purposes (Bridges v. Sheldon (C. C.) 18 Blatchf. 507, 7 Fed. 17, but coming for superintendence of a public work does not appear to be one of them. That employment was merely his voluntary private business which took him, but did not compel him, to go there. As the case stands, the defendant John H. Connors appears to have been well made a party to the suit, liable to such personal judgment, if any, as the plaintiff may recover therein against him alone.

The writ described the defendants as partners, but the declaration does not set up any joint liability. Whether there may be question about the several liability of this defendant upon any cause of action on which recovery may be sought is not now material. The only questions considered relate to the right of the plaintiff to proceed to trial upon such cause of action as he may claim to have against this defendant, and upon the views stated he appears to have that right.

Plea of John H. Connors to the jurisdiction overruled, and other defendants dismissed.