### 82.   FERRY & COMPANY *v.* MATTOX & TURNER.

1. Judgment against a partnership binds not only the firm property, but, when that is exhausted, it binds the individual assets of the partners served.  A judgment need not be rendered against the individual members of a partnership in order to bind individual assets.  "A judgment against a copartnership binds not only the partnership property, but also the individual property of each member of the same who has been served with the process; but it does not bind, and execution issuing thereon can not be levied on, the individual property of one not served." *Ells* v. *Bone,* 71 *Ga.* 469.
2. A partner's separate property is bound alike by all judgments against him, whether they be judgments against him as an individual or judgments against him as a partner.  As to the proceeds of partnership property, an equity among the partners themselves requires that this property be applied first to the payment of partnership debts, and it works in such a way as to give debts against the partnership a preference over debts against a partner, in respect to that partner's interest in the partnership effects. *Hoskins* v. *Johnson,* 24 *Ga.* 630.
3. Service on a partner is service on the firm.  Notice to a partner is notice to the firm.

Certiorari, from Elbert superior court—Judge Holden.   April 2, 1906.

Submitted February 11,—Decided May 28, 1907.

*Z. B. Rogers,* for plaintiffs.   *I. C. VanDuzer,* for defendant.

RUSSELL, J. Suit was brought in a justice's court by D. M. Ferry & Co. against the firm of Mattox & Turner. The summons was directed to the firm of Mattox & Turner. There was an acknowledgment of service in these words: "I acknowledge service on the within summons, and waive all other service of any kind. [Signed] Mattox & Turner, per J. R. Mattox." This was the only service of the summons that was ever had. When the case came on for trial before the justice of the peace, that magistrate entered up judgment against the firm of Mattox & Turner, and against John R. Mattox and M. W. Turner as individuals. Mattox & Turner certioraried to the superior court, and the judge of the superior court overruled the certiorari and denied a new trial, but, in doing so, rendered a judgment finally disposing of the case, to which D. M. Ferry & Co. excepted. The judgment of the judge of the superior court overruled the certiorari, but corrected the judgment entered by the justice of the peace upon the verdict of the jury, so as to make it bind nothing but the partnership assets (if any) of Mattox & Turner. His judgment was as follows: "After hearing the within certiorari and argument thereon, and after considering the same, it is ordered that the same be refused and a new trial of the case be denied. It is ordered, further, that the plaintiffs recover of the defendants, Mattox & Turner, the sum of———dollars, costs of this proceeding. It is ordered that the judgment rendered in the justice's court have the effect of binding the partnership assets of the firm of Mattox & Turner, and that said verdict and judgment operate only against said assets, and that portion of the judgment against J. R. Mattox and M. W. Turner as individuals is stricken from said judgment." The plaintiffs in error except only to that portion of the judgment which orders that the justice's court judgment operate only against assets of the firm of Mattox & Turner, and strikes J. R. Mattox and M. W. Turner as individuals from the judgment. The defendants in error, who were the petitioners in the petition for certiorari, have not filed any cross-bill of exceptions, and hence we have only two questions to decide: (1) Did the court err in adjudging that the judgment against a partnership should bind only partnership assets? (2) Did the court err in striking that portion of the judgment rendered against J. B. Mattox and M. W. Turner as individuals?

We think that the court erred in declaring in his final judgment that the judgment rendered previously in the justice's court should only bind partnership assets. It is well settled that, when partnership assets are exhausted, the individual property of the partners served becomes liable for partnership debts. This is true even if there be no service on all of the partners. As to the second question, we think that the court erred in part, and that his judgment was partly right. There was no error in ordering that M. W. Turner be stricken from the judgment, because he was not served with copy summons, nor did he acknowledge service; but we think that the judgment should bind the property of J. R. Mattox, and that it was error to strike the portion of the judgment binding him as an individual. Service of a partner is always good service of the firm, and notice to a partner is always notice to the firm. The acknowledgment of service, which we have quoted above, was in reality a personal acknowledgment of service by Mattox, though signed "Mattox & Turner, per J. R. Mattox." He had notice of the suit. He appeared and pleaded to it. He is bound by the judgment. The plea is in the following words: "And now comes J. R. Mattox, a member of the firm of Mattox & Turner, and for plea and answer to the above suit says (1) that the said firm of Mattox & Turner is not indebted to the plaintiff in the manner and form alleged or in any manner whatever; that said Mattox & Turner is not indebted to the plaintiff in any sum whatever." And the affidavit to the plea was made by J. R. Mattox. The words "a member of the firm of Mattox & Turner" may be treated as surplusage, and that leaves it merely a plea made by Mattox. But even if he acknowledged service as a member of the firm, and only pleaded in behalf of the firm, he had notice of the suit, was in court, and not only took no steps to protect himself against the judgment, but did not even except thereto by certiorari. The question of amending the judgment was not before the superior court. It was not one of the complaints made by the petitioner, and no errors except those brought to the attention of the court can be corrected on certiorari. We think it extremely doubtful, for this reason, whether even Turner's name could have been stricken from the judgment; but, as there is no insistence as to him, we will assume that it was proper to relieve him from the binding force of the judgment. But as to Mattox the

case is different. In the entire litigation he was not only personally participating in the proceedings, but he was in reality the partnership's only representative. Neither as a partner nor as an individual can he be heard to complain of the judgment in the justice's court; and, not having complained, the judge of the superior court unnecessarily afforded him a relief he had not asked.

*Judgment reversed.*