### 11812. ZABAN *v.* COLEMAN *et al.*

STEPHENS, J. 1. A suit against named parties, where it is alleged in the petition that the defendants did business under a certain style and name importing a partnership, is not necessarily a suit against the partnership alone, but is also a suit against the named individuals jointly and severally, and where the evidence sustains a verdict against one of the defendants only, the verdict will not be set aside at the instance of that defendant upon the ground that the evidence fails to support the plaintiff's petition.

2. This being a suit by a tenant to recover against the landlord for personal injuries alleged to have been received by the plaintiff, due to a defective condition in the rented premises, and the amendment to the plaintiff's petition and the evidence adduced upon the trial having presented an issue as to whether or not the defective condition of the premises arose prior to the commencement of the plaintiff's tenancy, a charge pertinent to such issue was proper, and was not subject to the exception that it introduced a foreign issue calculated to prejudice the defendant's case.

3. While a landlord can not be held liable for damages caused from defects in the rented premises occurring after he has parted with the possession, unless he has been notified thereof and has had a reasonable time in which to make repairs, he may nevertheless be liable for damages resulting from defects of which he had no notice but the existence of which he could in the exercise of ordinary care have discovered when repairing the defects of which he did have notice.

4. A verdict having been directed for all of the defendants except one, and the case having proceeded to trial against this one defendant alone, a reference to "the defendant," in the charge of the court, could not have misled the jury and caused confusion in their minds as to which one of the defendants the court had reference to.

5. While the construction of a deed is a question for the court, yet whether certain real estate falls within the description recited in the deed may be a question of fact for the jury.

6. The evidence warrants the inference that the defendant was the plain-

tiff's landlord, and that through his negligence the plaintiff was in-jured by reason of a defective condition in the rented premises.

7. Under all the evidence in this case this court is unable to hold that the trial judge abused his discretion in failing to sustain the defendant's motion for a new trial upon the ground that the verdict is excessive.

8. Exceptions to statements made by counsel in argument to the jury, where the attention of the court was not called thereto and no ruling invoked thereon, present no ground of error for this court to consider. The fact that counsel for the complaining party refrained from invoking a ruling because of his fear that his act in so doing would operate to prejudice the jury against his client can not affect the soundness of the present ruling.

9. The 7th ground of the amendment to the motion for a new trial, having been expressly abandoned by the plaintiff in error, will not be considered.

10. The 8th ground of the amendment to the motion for a new trial, not being approved by the trial judge, can not be considered.

11. In view of the above rulings, the court correctly charged the jury and did not otherwise commit any error.

        *Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*
        DECIDED SEPTEMBER 27, 1921.

Action for damages; from Fulton superior court — Judge Ellis. July 22, 1920.

*Johnson & Scott, Samuel L. Eplan,* for plaintiff in error.

*Thomas B. Brown, John H. Hudson, James & Bedgood,* contra.