## 19758. COMOLLI *v.* NATIONAL CASH REGISTER CO. *et al.*

DECIDED DECEMBER 10, 1929. REHEARING DENIED JANUARY 14, 1930.

*Z. B. Rogers,* for plaintiff in error.

*Tull & Brown, Clark Edwards Jr.,* contra.

BROYLES, C. J. The National Cash Register Company brought suit upon a promissory note against the B and C Garage, and in its petition alleged that the defendant was a partnership composed of John J. Bullard and C. Comolli. There was no declaration against Bullard and Comolli as individuals, nor any allegation that they had held themselves out as partners, nor that the plaintiff had been led to believe from any acts or representations of theirs that they were partners. Both Bullard and Comolli filed timely pleas of "no partnership," and on the trial the evidence demanded a finding in favor of the pleas. However, the evidence authorized a finding that Comolli was the sole owner of the B and C Garage, and that he as an individual owed the debt sued for. When the plaintiff offered evidence tending to show that the debt was not owed by the alleged partnership, but was owed by Comolli only as an individual, counsel for Comolli offered timely objection thereto on the ground that, under the allegations of the petition as to the partnership, the evidence was inadmissible, for the reason that no judgment could be rendered against Comolli as an individual under the suit as laid. The objection was overruled and the evidence admitted, although the petition was not amended. The trial resulted in a verdict and judgment in favor of the plaintiff against Comolli only.

1. The verdict was not contrary to law (*Wooten* v. *Nall,* 18 *Ga.* 609 (7), 624; *Francis* v. *Dickel,* 68 *Ga.* 255 (2) ; *Austin* v. *Appling,* 88 *Ga.* 54, 59, 13 S. E. 955; *Lippincott* v. *Behre,* 122 *Ga.* 543, 546, 50 S. E. 467; *Burson* v. *Shields,* 160 *Ga.* 723, 730, 129 S. E. 22), and the admission of the evidence objected to was not reversible error. Possibly it would have been better practice to amend the petition before offering the evidence. However, the verdict as rendered affected that defendant only as to whom the evidence was material and relevant, and therefore the result was the same as if the petition had been amended.

2. The above-stated rulings were made by the Supreme Court in this case on November 14, 1929, in answer to certain questions certified by this court. See *Comolli* v. *National Cash Register Co.,* 169 *Ga.* 409 (159 S. E. 551).

3. Those special grounds of the motion for a new trial which

are not dealt with above show no cause for a reversal of the judgment. The verdict was authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*