## RAGAN *v.* SMITH.

PER CURIAM. 1. A judgment recovered in a suit against a partnership binds the partnership assets and the individual assets of the partners served. Civil Code (1910), §§ 3167, 5591, 5592; *Ells* v. *Bone*, 71 *Ga.* 466. The judgment need not be rendered expressly against the individual members who are served, in order to bind individual assets. *Ferry* v. *Mattox*, 2 *Ga. App.* 104 (58 S. E. 291).

2. The petition for injunction in this case set forth as an exhibit a copy of an affidavit of illegality which had previously been filed by the plaintiff, and in which it was declared that the judgment was rendered in a suit against a partnership of which the affiant was the surviving member, and that he "as an individual has never had his day in court, was never served with any process or other notice of the pendency of the suit whereupon said execution is based, nor did he waive service, nor did he appear or defend said suit in his own behalf." The allegations in the petition itself were to the same general effect upon the question of service. Construing the petition and the exhibit most strongly against the plaintiff, as must be done on demurrer, it is not averred that he was not served as a member, and it is therefore presumed either that he was served in that capacity or that service on the partnership was perfected by service upon him. *Wolfe* v. *Georgia Railway &c. Co.*, 124 *Ga.* 693 (53 S. E. 239) ; *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867).

3. The dissolution of a partnership by the death of a member does not absolve the partners from liability for "transactions that are passed." Civil Code (1910), § 3164. Accordingly, the judgment was not invalid as to the present plaintiff merely because the partnership may have been dissolved by the death of one of its members before the institution of the suit in which the judgment was rendered. Cf. *Warren Brick Co.* v. *Lagarde Lime &c. Co.*, 12 *Ga. App.* 58 (2) (76 S. E. 761).

4. Under the rulings stated above, it is apparent that the judgment rendered in the suit against the partnership was binding upon the plaintiff as an individual, and therefore that he is not entitled to an injunction to restrain the issuance of garnishments based upon such judgment and directed to persons indebted to him. It follows that the court did not err in sustaining the demurrer and dismissing the injunction suit, re-

gardless of whether the plaintiff might otherwise have had an adequate remedy at law.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*

No. 9843. MAY 17, 1934.

*B. P. Jackson,* for plaintiff.
*H. A. Hodges* and *Saffold & Sharpe,* for defendant.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*