27502. FARLEY *v.* GROOVER *et al.*

DECIDED MAY 12, 1939. REHEARING DENIED JUNE 1, 1939.

*Fred Schrimper*, for plaintiff.

*George S. Peck, Hubert Schroeder, Frank A. Bowers,* for defendants.

SUTTON, J. W. T. Farley sued "C. W. Groover and H. L. Moz-

ley, a partnership firm doing business under the name of Vesta Avenue Hatchery," and alleged that "said defendants, C. W. Groover and H. L. Mozley, are jointly and severally indebted to plaintiff" in the sum of $354.65 on an account, an itemized statement thereof being attached, and prayed for judgment against "both of said defendants, C. W. Groover and H. L. Mozley, jointly and severally," for the amount sued for. Each defendant separately filed a plea of the general issue, and a plea of no partnership; and the case was tried under these pleas together. The testimony for the plaintiff was to the effect that each defendant, under the firm name of Vesta Avenue Hatchery, bought from the plaintiff the goods composing the account sued on, and that credit for the goods was extended by the plaintiff to the defendants on information that both of them were connected with the Vesta Avenue Hatchery. The defendant H. L. Mozley testified that the account sued on was correct, and had not been paid, and that C. W. Groover was his partner; but he further testified that he owed C. W. Groover, the other defendant, for borrowed money, and that he transferred one half interest in the Vesta Avenue Hatchery to Groover to secure him on said indebtedness; and that transaction was the basis for his statement that Groover was his partner in the Vesta Avenue Hatchery. C. W. Groover's testimony tended to sustain his contention that he was not a partner of Mozley in the Vesta Avenue Hatchery business, and that he was not indebted on the account; that Mozley owed him for borrowed money and had put up a half interest in the Vesta Avenue Hatchery to secure him for that indebtedness. The jury returned a verdict for the defendants, and the exception is to the judgment overruling the plaintiff's motion for new trial.

1. The present case was directed against both of the defendants, jointly and severally, and judgment was prayed against them accordingly. In such a suit a verdict may be rendered against one or both of the defendants, depending on which sort of a verdict in this respect is authorized by the evidence. And in a suit against two named persons doing business under a firm name, a verdict against one of them may be sustained, where the evidence authorizes such a verdict, although no liability is shown against the other defendant. This principle of law is well settled under numerous decisions of this court and the Supreme Court. *Zaban*

v. *Coleman,* 27 *Ga. App.* 376 (108 S. E. 555) ; *Comolli* v. *National Cash Register Co.,* 40 *Ga. App.* 683 (151 S. E. 517) ; *Perkins* v. *Butler,* 50 *Ga. App.* 589, 590 (178 S. E. 459) ; *Francis* v. *Dickel,* 68 *Ga.* 255 (2) ; *Austin* v. *Appling,* 88 *Ga.* 54 (5) (13 S. E. 955) ; *Waldrop* v. *Wolff,* 114 *Ga.* 610, 617 (40 S. E. 830) ; *Doody Co.* v. *Jeffcoat,* 127 *Ga.* 301, 302 (56 S. E. 421) ; *Burson* v. *Shields,* 160 *Ga.* 723 (2), 730 (129 S. E. 22) ; *Comolli* v. *National Cash Register Co.,* 169 *Ga.* 409 (150 S. E. 551).

2. Consequently, under the pleadings and the evidence in the case at bar, the court erred in charging the jury: "The issue for you to decide is whether or not a partnership existed between Mozley and Groover, so as to bind them for the indebtedness of Vesta Avenue Hatchery. If you believe that Groover and Mozley were not partners in the business, neither Groover nor Mozley would be liable in this case. If you find that no partnership existed, your verdict will be as follows: We, the jury, find for the defendants." This erroneous charge,. which was properly excepted to, requires a reversal of the judgment. *Savannah Guano Co.* v. *Christian,* 159 *Ga.* 600 (3) (126 S. E. 376).

3. While one of the defendants admitted in his testimony that the account sued on was correct, still it would have been proper for the court to allow in evidence certain books of original entry tendered by the plaintiff, the rejection of which is excepted to in ground 2 of the amended motion for new trial.

4. The following approval or entry on the motion for new trial was sufficient to authorize a consideration of the grounds of said motion by this court, especially where there was no objection made thereto before the trial judge: "The above and foregoing amended motion for new trial is hereby allowed, and it is ordered that the same be filed." *Booth* v. *Schmoller,* 32 *Ga. App.* 35 (122 S. E. 636) ; *Georgia State Bank* v. *Harden,* 32 *Ga. App.* 300 (124 S. E. 68). The objection in this respect by the defendant in error is without merit.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*