### DUNCAN v. PEARSON et al.

No. 330.

District Court, E. D. South Carolina. Columbia Division.

Nov. 20, 1940.

---

[1] No opinion for publication.

632

Tompkins & Tompkins, of Columbia, S. C., for plaintiff.

Donald Russell, of Spartanburg, S. C., and Thomas, Cain & Black, of Columbia, S. C., for defendants.

WYCHE, District Judge.

Following removal of this cause for diversity of citizenship, the defendants moved specially to vacate the service of process herein upon both the defendant Robert Allen, individually, or as a co-partner of his co-defendant Drew Pearson, and upon Drew Pearson and Robert Allen, co-partners writing and publishing under the trade name of "The Daily Washington Merry-Go-Round".

Admittedly, personal service of process herein was not made upon the defendant Robert Allen; but the plaintiff sought to bring him before the Court through service of process upon his alleged co-partner, Drew Pearson. Without personal service in the jurisdiction upon the defendant Robert Allen, it is the position of the defendants that neither Robert Allen, individually, nor Drew Pearson and Robert Allen, co-partners writing and publishing under the trade name of "The Daily Washington Merry-Go-Round", is properly before the Court and that the purported service upon them should be vacated. Unquestionably, Robert Allen, personally, has never been validly served in this cause and the motion to vacate any purported service upon him in this cause must be granted. Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Haslet v. Street, 2 McCord, Law, S.C., 310, 13 Am.Dec.

724; Loomis & Co. v. Pearson, Harp. Law, S.C., 470, 471. Further it is a settled rule that, in order to sue a partnership, each partner must be personally served with process. Rowley's Modern Law of Partnerships, vol. 2, p. 1126; 20 Ruling Case Law, p. 936. And, since both partners sued in this case have not been served, the partnership as such is not before the Court at this time.

It does not follow though that this action must be dismissed. Section 438 of the Code of South Carolina provides, as follows: "Where the action is against two or more defendants, and the summons is served on one or more of them, but not on all of them, the plaintiff may proceed as follows: (1) * * * (2) If the action be against the defendants severally liable, he may proceed against the defendants served, in the same manner as if they were the only defendants".

This being an action in tort, the suit is against the defendants jointly and severally. See 47 C.J. 971, where it is said: "* * * And service upon an individual partner is sufficient for the enforcement of a several liability against him." See also 20 R.C.L. p. 914, § 126, as to civil liability for torts of a partnership. The fact that the said defendants were named in the title to the suit as co-partners does not render the suit one against the partnership only but against the individuals who composed the said partnership. See American Merchants Marine Ins. Co. v. Tremaine, 9 Cir., 269 F. 376, and Mason v. Connors, C.C., 129 F. 831; Zaban v. Coleman, 27 Ga.App. 376, 108 S.E. 555; Barfield v. J. L. Coker & Co., 73 S.C. 181, 53 S.E. 170; 47 C.J. p. 977. The defendant Drew Pearson has been personally served with process. It is true he was served as a co-partner; but, as set forth above, this does not govern the capacity in which he must defend.

Therefore, the purported service upon the defendant Robert Allen, either personally or as a co-partner of the defendant Drew Pearson, should be set aside and declared null and void, and the plaintiff herein should have leave, at any time before the trial of this suit, in the event proper service of the said Robert Allen is not had, to amend his complaint by striking from the title thereof the word, "co-partners", so that the title of the defendants therein shall read "Drew Pearson, individually and as one of the co-partners,

writing and publishing under the trade name of 'The Daily Washington Merry-Go-Round'", and in case such amendment is made the defendant or defendants should have reasonable time after notice of said amendment to amend and serve such answer as they may be advised. And in the event service is not had upon the co-partner, Robert Allen, before the day of the trial of the action, then the incompleted service on the partnership should be set aside.

An order has been filed in conformity herewith.