**PORTER, Price Administrator, v. HARDIN et al.**

No. 11748.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

Edward N. Vaden, of Atlanta, Ga., and David London, and Albert M. Dreyer, both of Washington, D. 'C., for appellant.

C. Baxter Jones, of Macon, Ga., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by the Administrator of the Office of Price Administration to recover statutory damages for violations of maximum-price regulations promulgated under the Emergency Price Control Act of 1942, as amended, 58 Stat. 641, 50 U.S.C.A.Appendix, § 925. In the original complaint, the defendant was called

"H. H. Hardin, doing business as Hardin Lumber Company."

Moving in abatement to dismiss the complaint, the defendant alleged that Hardin Lumber Company was not the trade name of an individual, but was the firm name of a partnership composed of H. H. Hardin and three other individuals, naming them. He denied that individually he had made any sales of lumber, and alleged that such sales as were mentioned in the complaint were sales of said partnership. Plaintiff subsequently, with leave of court, amended his complaint so as to change the name of the defendant in the caption to "H. H. Hardin, Nathaniel A. Hardin, Hazel M. Hardin, and Catherine J. Hardin, doing business as Hardin Lumber Company," and to change paragraph 3 of the complaint to conform to the amended caption.

Thereafter, defendants moved to dismiss the complaint on the ground that the acts complained of therein were committed more than one year prior to the filing of the plaintiff's motion for leave to amend; that said Act granted plaintiff a right of recovery only if suit were brought within one year after the violation occurred; and, accordingly, that plaintiff had no right of action, because the amended complaint was not filed within said period of limitation.

The court below thought that by the original complaint the action was brought against H. H. Hardin, individually, and not against the partnership; that, under the law of Georgia, a partnership was a distinct legal entity; and that where an action against one in his individual capacity was amended to substitute a partnership, in lieu of an individual, as defendant, the date of the amendment must be taken as the time of commencement of the action against the partnership, even though the individual first sued was a member of the partnership. The result of the court's reasoning was to sustain the motion and to enter a summary judgment for the defendants.

We agree with appellant that it was error to dismiss the action both as to the partnership and as to all of the individual defendants. By filing a complaint which named in its caption both H. H. Hardin and the Hardin Lumber Company, and which stated a claim upon which relief might be had, and by having process served upon H. H. Hardin, a general partner in the Lumber Company, the Administrator obviously started suit either against the partnership or against H. H. Hardin individually, or against both. If the court was correct in holding that the original complaint was not sufficient to commence an action against the partnership, it necessarily follows that suit was originally started against H. H. Hardin alone and the remaining words were merely descriptio personae. From this it would follow, since the original complaint was filed within one year, that the action was commenced within the year against H. H. Hardin individually; but we think the partnership, as a distinct legal entity, was also intended to be sued, and that the firm was notified of this intention within one year of the time when the cause of action accrued.

The amendment made in the caption merely added as parties defendant three additional partners who were alleged to be doing business as Hardin Lumber Company. The same question of interpretation remained as to whether the action was against the partnership, against individual members of the firm, or against both. The court below did not dismiss the amended complaint as to the partnership because no suit was filed against it, but it did so because the asserted right of action had expired by limitation of time. Yet the partnership was named and sued in the same language in both the original and the amended complaint, except that four individuals instead of one were alleged in the amendment to be doing business as Hardin Lumber Company. It is clear that there was only one Hardin Lumber Company; that it was not a corporation, was not the trade name of a single individual, but was the name of a partnership, composed of four individuals, one of whom was made a defendant in the original action; and that the other three were so named in the amended complaint. It is also clear from the motion in abatement that H. H. Hardin knew these facts and pled them in abatement of the suit against him. He also

knew that the sales complained of "were sales of the aforesaid partnership."[1] Thus he and the partnership were put on notice that the claim asserted by the plaintiff in his original pleading arose out of the acts and conduct of the Hardin Lumber Company, which by amendment has been shown to be the firm name of a partnership and not the trade name of an individual.

We conclude that the amended complaint did not add new parties so far as H. H. Hardin and the Hardin Lumber Company were concerned, but that it did so by bringing in the other partners as individual defendants. The partnership and H. H. Hardin were named in the caption of the complaint, and there is no question as to proper service of process upon said H. H. Hardin, a general partner. Service on one partner is adequate service on the partnership. The latter was not harmed in any way by the plaintiff's failure to give the names of the other members of the firm. The facts alleged were sufficient (at least after the amendment if not prior thereto) to make it plain that the partnership as a firm, and one of its members as an individual, were being sued to enforce whatever right of action the Administrator had by reason of the violations alleged in the original complaint. In Zaban v. Coleman, et al., 27 Ga.App. 376, 108 S.E. 555, it was held that a suit against two persons alleged to be doing business under the firm name was a suit against the firm as well as a suit against the individuals named.

We think the claim is barred as to the individuals who were joined as defendants after expiration of the one-year period, even though timely brought against the original parties defendant. Accordingly, the judgment appealed from is affirmed, except as to Hardin Lumber Company a partnership, and as to H. H. Hardin, an individual.[2]

Affirmed in part and reversed in part, and remanded for further proceedings not inconsistent with this opinion.

---

[1] See paragraphs 3 and 4 of the motion in abatement and to dismiss the petition. R. p. 4.

[2] Rule 4(d) (3) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Code of Ga., Ann. § 75-312; Ragan v. Smith, 178 Ga. 774, 174 S.E. 622; Ferry & Co. v. Mattox & Turner, 2 Ga.App. 104, 58 S.E. 291; Hollister Bros. v. Bluthenthal & Bickart, 9 Ga. App. 176, 70 S.E. 970; Heyman v. Decatur Street Bank, 16 Ga.App. 14, 84 S.E. 483. In Barthel v. Stamm, 5 Cir., 145 F.2d 487, certiorari denied, 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430; this court said 145 F.2d at p. 491:

"It is further argued that limitation is a matter of substantive law and not alterable by the Rules of Civil Procedure, and that under the Georgia decisions the introduction by amendment of the written contracts would be a new cause of action which would not relate back to the date of the original suit. We agree that limitation is a matter of substance rather than of procedure; but assuming the Georgia decisions on the effect of an amendment are as asserted, nevertheless the Rules validly fix the potential scope of a petition in a federal court which identifies a claim, and the relation of an amendment which amplifies and further explains the transaction out of which the claim arises, for these things are procedural. Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement. So long as the amendment is of the sort described in the above quoted Rule it is within the scope of the original suit and a part of it. Michelsen v. Penney, 2 Cir., 135 F.2d 409(8) (9). Before the Rules were formulated the Supreme Court went far in this direction in holding that a suit for a personal injury brought by a railroad employee, which did not mention employment in interstate commerce but relied wholly on rights given by the State law, might be amended after the period of limitation into one alleging employment in interstate commerce and governed by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. with materially different rights and liabilities; New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294. We think that the amendment alleging these writings as a part of the transactions sued on is effective to show the suit was not barred when filed."