## MURFKAN v. KAHN.
### Civ. No. 2513–M.

United States District Court
S. D. Florida, Miami Division.
June 18, 1951.
As Amended Sept. 17, 1951.

Benson & Ross, Miami, Fla., for plaintiff.

Arthur D. Frishman, Miami Beach, Fla., for defendant.

HOLLAND, Chief Judge.

This suit was instituted June 15, 1948, by M. Murfkin, sometimes known as Meyer Murfkan, as plaintiff to recover treble damages under § 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1895. M. Murfkin died on March 9, 1951. There are now two motions before the Court. The first motion

is for the substitution of plaintiff's wife, in her capacity as executrix, as plaintiff. The second motion is to amend the complaint so as to make the wife in her individual capacity, an additional party plaintiff. Plaintiff and his wife resided together at the time of the alleged overcharge and there is no question that the suit could have been instituted by M. Murfkin and his wife jointly. However, the plaintiff elected not to join his wife as a party plaintiff but instituted suit individually.

The Federal Rules of Civil Procedure, 28 U.S.C.A., provide four ways in which parties to an action may be changed: (1) by substitution or addition under Rule 25; (2) by adding or dropping parties under Rule 21; (3) by intervention under Rule 24, and (4) by amendment to correct mistakes and omissions under Rule 15. Rule 25 has been held to be intended only to cover specific cases where proper parties were joined but because of death or other reasons set forth in the Rule, another party may be substituted. Schwartz v. Metropolitan Life Ins. Co., D.C., 2 F.R.D. 167. Rule 21 has been held to contemplate retention of a party or parties after the other party or parties are dropped or before they are added and not to be a substitution rule. Schwartz v. Metropolitan Life Ins. Co., supra. However, substitution could be obtained by amendment through a liberal interpretation of Rule 15 without resorting to Rule 21. In conformance with this more liberal view, substitution has been allowed by the method of adding and dropping parties. National Maritime Union of America v. Curran, D.C., 87 F.Supp. 423. In this case a substitution is sought under Rule 25, and an addition is sought by the method of amending the complaint under Rule 15.

The motion to substitute the wife, as executrix, as plaintiff is proper, providing that the action is one which does not abate upon the death of the plaintiff. If the action is penal in nature, it abates upon the death of a party. Under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., there was a conflict of authority as to whether a statutory damage action brought by the Government under the Act was penal or remedial in nature.[1] But where the action was brought by a tenant the action was considered as remedial. See Porter v. Montgomery Ward, 3 Cir., 163 F.2d 211, 215. The Housing and Rent Act of 1947, as amended, provided for a treble damage action for rent overcharges to be recovered as "liquidated damages". The use of the phrase "liquidated damages" is significant with reference to the question of the survival of an action brought under the Housing and Rent Act. Where Congress provides that sums recovered are to be considered as liquidated damages, that declaration has frequently been viewed by the courts as not providing for a penalty. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. Since the action does not involve a penalty, it does not abate. It is therefore proper that the motion to substitute the wife, as executrix, as plaintiff be granted, and an order to that effect was entered by the Court on June 7, 1951.

The question as to whether the complaint may now be amended to make the wife an additional party plaintiff presents a different problem. Under § 205 of the Housing and Rent Act of 1947, as amended, a tenant must bring his treble damage action within one year. This suit was properly filed by M. Murfkin within the time allowed, but the motion to amend the complaint so as to add the wife as a party plaintiff was filed long after the expiration of the one year period. The problem thus presented is whether the running of the time allowed to bring suit prevents the addition of other party plaintiffs, or whether the institution of a suit by one plaintiff tolls the running of the allowable time so as to permit the addition of other plain-

1. Cases holding the action to be penal in nature: Bowles v. Farmers National Bank of Lebanon, 6 Cir., 147 F.2d 425. Porter v. Montgomery Ward, 3 Cir., 163 F.2d 211. Cases holding the action to be remedial in nature: Crary v. Porter, 8 Cir., 157 F.2d 410. Kessler v. Fleming, 9 Cir., 163 F.2d 464. Amato v. Porter, 10 Cir., 157 F.2d 719. Woods v. Robb, 5 Cir., 171 F.2d 539.

tiffs whose claims arose out of the same transaction at any time during the pendency of the action.

Rule 15(c) provides, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Prior to the adoption of the Federal Rules of Civil Procedure, the test employed in determining whether an amendment should relate back to the original complaint was whether or not the amendment set forth a new cause of action. If a new cause of action was set forth then the amendment would not relate back. Missouri K. & T. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. The new rules, though not using the phrase "new cause of action", have not changed the principle that an amendment will not be allowed if it introduces a new cause of action which as an independent proceeding would be barred by the statute of limitations. Stafford v. Roadway Transit Co., D.C., 70 F.Supp. 555. With specific regard to amendments which alter the parties involved, amendments which change the capacity in which the parties sue are allowable after the statute of limitations has run, provided that the cause of action is not changed. Gibbs v. Emerson Electric Mfg. Co., D.C., 31 F.Supp. 983. But where an amendment would have resulted in the instituting of a suit against defendants in whose favor the statute of limitations had run, the allowance of the amendment was not permitted. Royal Worchester Corset Co. v. White, D.C., 40 F.Supp. 267; Porter v. Hardin, 5 Cir., 164 F.2d 401. The correctness of such decisions is obvious. The defendants were not parties to the suit as originally filed and there could be no tolling of the statute of limitations until they were made parties. Likewise, the fact that a defendant is engaged in a suit with one plaintiff should not prevent the running of the statute of limitations as against another plaintiff. Where, as in this case, the right of action is specifically created by the statute and that right qualified by requiring that the action be commenced within a certain time, there is even more reason to require each plaintiff to institute his own suit against the defendant within the time allowed. Where a suit is brought by a plaintiff for the benefit of himself and others similarly situated and such fact appears from the face of the complaint, the additional plaintiffs may be added after the statute of limitations has run. Culver v. Bell & Loffland, Inc., 9 Cir., 146 F.2d 29. But in this case there is no class suit and there is no indication from the complaint that the suit was being prosecuted for the benefit of both husband and wife.

Even though the rights of the original plaintiff and the plaintiff sought to be added arose out of the same transaction and though the cause of action may be the same, an amendment will not be allowed to permit the addition of a party plaintiff after the expiration of the time allowed by statute in which to institute suit.

It is therefore ordered that the plaintiff's motion to substitute Ida Murfkan in her individual capacity be, and the same is hereby, denied.