### 21002. SEABOARD AIR LINE RAILROAD COMPANY v. WILKINSON.

QUILLIAN, Justice. While his suit for personal injuries, brought under the terms of the Federal Employers' Liability Act (Title 45 U. S. C. A.) against the defendant railroad company, was still pending in the Superior Court of Fulton County, the plaintiff railroad-company employee, on April 14, 1960, filed in that court an ancillary motion in the nature of an equitable petition for injunctive relief, praying that the defendant railroad company be temporarily and permanently enjoined from harassing and intimidating the plaintiff, his counsel, a named fellow employee, and other of the defendants' employees having knowledge of the plaintiff's claim against the defendant, in the prosecution of his claim against the defendant through the pretense of a summary investigation of fictitious charges against the plaintiff, and through other disciplinary actions against the plaintiff and other employees having no factual basis. Summarized, the pertinent allegations of the plaintiff's motion are these: Plaintiff's counsel,

in his efforts to effectuate a settlement of the plaintiff's claim prior to the filing of the plaintiff's suit on March 9, 1960, was treated rudely by the defendant's claim agent, who subsequently advised the plaintiff that he would not negotiate the claim with the plaintiff's attorney, but would pay the plaintiff "a large amount of money" and his attorney's fee up until that time if the plaintiff would discharge him. This conduct on the part of the claim agent was reported to the defendant's general claims attorney. Subsequently to the commencement of the plaintiff's suit, his attorney was in Florida—where the plaintiff had allegedly been injured—for the purpose of taking depositions in two other suits against the defendant. The defendant's claim agent offered to locate the plaintiff's attorney for him so that the plaintiff could discharge him. By arrangement between the plaintiff and his attorney, the claim agent was invited to the plaintiff's home to restate the terms of his offer to settle the claim; during the course of that conversation between the claim agent and the plaintiff, which the plaintiff's attorney secretly recorded, the claim agent indulged in vilification and disparagement of the plaintiff's attorney, charging that the attorney had no interest in the plaintiff himself, but only in the money to be derived from the claim, and accusing the attorney and a named representative of the carmen's union, of which the plaintiff was a member, with operating a "claims racket" against the defendant. When apprised of the attorney's presence, the claim agent promptly departed from the plaintiff's home. On April 4, 1960, the following notice was addressed by the defendant's master mechanic to the plaintiff and a named local representative of the union of which the plaintiff is a member: "You are hereby notified to appear for formal investigation to be held at 10 a.m., April 9, 1960, in the office of Master Mechanic, Seaboard Air Line Railroad Company, Tampa. You are charged with disloyalty to your employer and conduct unbecoming a Seaboard employee, in that you participated in a scheme that was inimical to the interest of the Seaboard when Claim Agent McCowan was lured under false pretenses to and guilefully entrapped at the home of Mr. W. H. Wilkerson [sic,] Jr. at Mulberry, Florida, on the evening of March 24, 1960. You may be represented at such investigation in accordance with the terms of your working agreement and have witness

present if you so desire." It is further alleged: That the notice, by restricting representation in accordance with the provisions of the contract of employment between the defendant and the plaintiff, has attempted to prohibit the plaintiff's representation by attorney or anyone else other than an employee of the defendant. This conduct on the part of the defendant constitutes gross intimidation and harassment of the plaintiff and the named local representative of the union, whose duty it is to assist the plaintiff in his capacity as Local Chairman of the Brotherhood of Railway Carmen, and who was present in the plaintiff's home on the occasion when the defendant's claim agent slandered the plaintiff's attorney, but was present at the attorney's request only for the purpose of transporting the attorney to Valrico, Florida, from the plaintiff's home. The investigation on the part of the defendant is unconscionable and is designed solely for the purpose of harassing the plaintiff and the local representative of the carmen's union under fabricated charges, to instil fear in the plaintiff and the defendant's employees so as to obstruct the plaintiff in his prosecution of his claim, and for revengeful purposes because the plaintiff's attorney caught the defendant's claim agent in illegal, unethical, and improper conduct. The notice of the investigation shows upon its face that the acts to be investigated do not appertain to any events occurring on the defendant's property or in the performance of any duty owed by the plaintiff to the defendant. The defendant is attempting to hold a summary investigation in order to deny the plaintiff right of counsel, to require the plaintiff to waive his right to be present, and to whitewash the reprehensible conduct of its claim agent. The plaintiff has been confined to the hospital, and the investigation has presently been postponed due to his inability to be present. On information received, the plaintiff has reason and cause to believe that the defendant intends to discharge him summarily and without cause because the plaintiff is maintaining his present claim for personal injuries. If the plaintiff and the local representative of the carmen's union are discharged, it will be two years before their appeal can be heard by the Railroad Labor Board, and during that period they will be without employment or source of income; further, if they are discharged, the plaintiff will be unable to obtain testimony of any other witnesses regarding

his case for fear of retaliation by the defendant. The acts of the defendant's master mechanic in making the charges and holding the investigation are ultra vires, in defiance and contempt of the orderly administration of justice in this court, arise and relate solely to the plaintiff's claim under the Federal Employers' Liability Act, and constitute an effort to intimidate and harass the plaintiff under the provisions of that act; and, unless the defendant is restrained from holding the investigation until a hearing of the plaintiff's claim in this court, and restrained from harassing the plaintiff and his attorney, the plaintiff will suffer irreparable damage which may cause him to lose all his seniority privileges under the Railway Labor Act as an employee of the defendant.

Error is assigned here on the overruling of the general demurrer to the ancillary petition for injunctive relief. *Held:*

1. Except in a case for which provision is made especially by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper. And it is well settled in this State that a bare threat or apprehension of injury, which, if followed by an overt act would work irreparable injury, affords no basis for equitable relief by injunction or otherwise. *Nottingham v. Elliott*, 209 Ga. 481 (74 S. E. 2d 93), and citations.

2. A general allegation that the plaintiff is entitled to injunctive relief because the acts apprehended will be irreparable, unattended by such an unambiguous statement of facts as enables the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must give a full and detailed statement of the facts so as to enable the court to determine the necessity for an injunction. *Carmichael v. Tucker*, 214 Ga. 725 (107 S. E. 2d 829), and citations. This is to say that, under a proper construction of the petition, as against general demurrer, "the material and essential facts relied on for relief by injunction must be stated with sufficient certainty to negative every reasonable inference arising on the facts stated, from which it might be deduced that the applicant might not, under other [reasonably] supposable facts connected with the subject matter, be entitled to the relief sought."

43 C. J. S. 854, § 182(b); *Ragan v. Smith*, 178 Ga. 774 (2) (174 S. E. 622); *Krueger v. MacDougald*, 148 Ga. 429 (1) (96 S. E. 867).

3. Applying the principles stated in the foregoing divisions of the syllabus, we think that, from a consideration of the allegations of fact contained in the petition together with the reasonable inferences to be drawn therefrom, the conclusion is ineluctable that the plaintiff has not shown himself entitled to any of the injunctive relief for which he prays. The salient allegations of the petition for injunctive relief are that the investigation sought to be enjoined is ultra vires the authority of the defendant's master mechanic, and that the investigation will terminate in the plaintiff's discharge from the defendant's employ with the concomitant loss of his seniority privileges, the loss of his wages for a period of two years pending a review of the investigation by the Railroad Labor Board, and the instillation of the other employees with such fear of the defendant that he will be unable to secure their testimony on the trial of his claim for personal injuries against the defendant. These are not allegations of facts supportive of the plaintiff's averred conclusion that he will be irreparably damaged, but the averment of his trepidations inspired by conjecture. Presumptively the investigation is, according to the tenor of the notice of it, being held pursuant to the plaintiff's contract of employment, and is legal, having not been shown to be otherwise; and, being legal, we must assume, nothing more appearing, that it will be conducted in an entirely legal fashion with an attendant legal result. Of such a result the defendant may not complain whatever may be the consequences. See, in this connection, *Lambert v. Georgia Power Co.*, 181 Ga. 624, 628 (183 S. E. 814). This would simply be *damnum absque injuria*. The averment that the defendant is attempting to hold the investigation so as to deny the right of counsel and to require the plaintiff to waive his rights to be present is contradicted. The investigation is, by his own averment, postponed because of his hospitalization, and the presence of attorneys at the investigation is obviated by the plaintiff's contract of employment, the legality of which is unquestioned. Under a proper construction of the petition, the plaintiff fails to demonstrate that his damage, if any, will be irreparable or that he is otherwise en-

titled to injunctive relief, and the trial court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Harold C. McKenzie, Jr.,* for plaintiff in error.

*Hewlett, Hewlett & Wall,* contra.