47946. SOUTHERN CONCRETE PRODUCTS COMPANY v. ROBERTSON et al.

PANNELL, Judge. This is an appeal from the Civil Court of Fulton County alleging as error the judgment of the trial court in favor of the defendant, Joe D. Robertson.

The trial court rendered judgment for plaintiff against defendant, Jere M. Mills, for the total amount claimed. A cross appeal by Jere M. Mills has been withdrawn. Hereinafter all references to appellee are intended to indicate Joe D. Robertson.

The case involved an action filed by appellant against Jere M. Mills and appellee, Joe D. Robertson, individually and doing business as Mills-Robertson Partnership, for the balance due on an open account for concrete block and other building materials delivered by appellant to the site of a construction project known as Colony Creek Apartments in Atlanta, Georgia.

Defendants denied any indebtedness to appellant, either individually or as a partnership doing business as Mills-

Robertson, a partnership, and affirmatively defended that the indebtedness, which was not questioned, was the indebtedness of Mills-Robertson, Inc., a Georgia corporation.

Appellant, through a salesman, sold building materials which were used in the construction project on Cleveland Avenue in Atlanta known as Colony Creek Apartments, with which the defendants were concerned in a corporation, and in a limited partnership.

The property upon which Colony Creek Apartments were being constructed was owned by a limited partnership known as Colony Creek Apartments, Ltd., having been deeded to the partnership by appellee Robertson and Mills. The general contractor for the construction of the apartments was Mills-Robertson, Inc., a corporation of which appellee and Mills were officers, directors and stockholders.

The defendant Mills was present along with a secretary in his office at the time the initial contact was made by appellant's salesman. The secretary is paid by Mills-Robertson, Inc. Appellant opened the account in the name of Mills-Robertson Partnership.

No representative of appellant had any contact with appellee Robertson in the opening of an account in their office with Mills-Robertson, a partnership, and neither appellee nor Mills ever signed an application for credit with appellant.

The account ran several months, and several thousand dollars' worth of materials was charged. Four substantial credits were posted to the account, and three paid checks were produced by defendants showing three of these credits as being checks of the corporation. There is an unpaid balance of $6,703.27 on the account. Numerous invoices and bills were sent showing Mills-Robertson Partnership. No question about these invoices and bills was raised until after financial difficulties of the corporation and limited partnership arose, and efforts were begun to collect the balance of the account.

The sole issue for determination was whether or not appellant proved the existence of a general partnership of which appellee was a partner.

The statute provides that when partners are sued in their firm name and deny partnership, the partnership must be proven. Code § 75-313. This court and the Supreme Court of Georgia have held in an action by a creditor against alleged partners on open account for goods sold to an alleged partnership, the plaintiff has the burden of proving the partnership. *Threads, Inc. v. Williams,* 84 Ga. App. 804 (67 SE2d 591); *Cowart v. Fender,* 137 Ga. 586 (73

SE 822, AC 1913A 932); *Taylor v. Swift & Co.,* 37 Ga. App. 108 (139 SE 121).

The transcript of evidence and record reveal that appellee and Mills were involved in two business entities. The first such entity was Mills-Robertson, Inc., a corporation, and the second entity was Colony Creek Apartments, Ltd., a limited partnership organized under the laws of Georgia in which Mills and appellee were the general partners and which was organized for the purpose of owning and holding title to the apartment project in Atlanta, Georgia, which is the subject matter of this suit.

This testimony of the defendants and witnesses for the appellant shows that appellee did not engage with Mills in a general partnership endeavor and defendants denied the existence of such an entity. Appellant's vice president testified that he dealt with appellee only in the capacity as an officer of Mills-Robertson, Inc., several years prior to the extension of credit to the alleged partnership in this case and had no contact with appellee whatever regarding the opening of the account and the extension of credit. Appellant's salesman testified that he had no knowledge whatever of appellee and that all of his dealings with the account had been with Mills, a Mrs. Sue Waldrop (then on the payroll of the corporation) and a Mr. Cribbs (also employed by the corporation for construction).

"Although the question of what will constitute a partnership is a matter of law for the court, in the absence of an unambiguous contract of partnership or of any written articles of partnership, it is a question of fact for the jury to decide, under proper instruction from the court, whether the intention of the parties was to become partners and whether a partnership existed as to third parties at the times in question. 68 CJS 475, Partnership, § 57." *Escoe v. Johnson,* 110 Ga. App. 252, 256 (138 SE2d 330).

The evidence being sufficient to support the findings of the court as to appellee, this court cannot reverse the judgment of the lower court. *Zaban v. Coleman,* 27 Ga. App. 376 (108 SE 555); *Comolli v. National Cash Register Co.,* 40 Ga. App. 683 (151 SE 517); *Perkins v. Butler,* 50 Ga. App. 589 (178 SE 459); *Farley v. Groover,* 60 Ga. App. 169, 170 (3 SE2d 135); *Guy v. Ambassador Record Corp.,* 120 Ga. App. 325 (170 SE2d 453). Accordingly, the judgment is affirmed.

*Judgment affirmed. Stolz, J., concurs. Eberhardt, P. J., concurs in the judgment only.*

Submitted February 12, 1973 — Decided May 8, 1973.

*Wilkinson, Nance & Wittner, A. Mims Wilkinson, Jr.,* for appellant.

*Arnall, Golden & Gregory, William R. Harp,* for appellees.