**Fletcher C. CLARK, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant.**

**Civ. A. No. 14335.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 21, 1970.

T. J. Lewis, Jr., Lewis, Lewis, Spearman & Bynum, Atlanta, Ga., for plaintiff.

Allen E. Lockerman, Robert L. Pennington, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an F.E.L.A. case arising out of an injury received by plaintiff on or about July 16, 1970. Suit was filed on November 3, 1970. On December 1, 1970, plaintiff received notice of an internal investigation and disciplinary hearing to be conducted by the railroad on December 9, 1970. On December 7, 1970, plaintiff filed a motion to enjoin such hearing on the grounds that such an investigation would "threaten and prejudice plaintiff's right to a fair and impartial hearing." The court issued a temporary restraining order pending hearing on December 11th and ruling by the court. It now appearing that the matter cannot be resolved in accordance with various suggestions made at the time, ruling is necessary.

(1) The hearing in question is scheduled under the provisions of ARTICLE 31 of the collective bargaining agreement between the United Transportation Union and the defendant. The conditions provide, in part: "The accused will be permitted to attend the investigation, hear all of the evidence submitted, interrogate witnesses and be represented by his choice of a duly authorized representative of the ORC&B or BRT, or an employee in such crafts." Appeals to the Railroad Adjustment Board are permitted by law. The court is convinced that it has no jurisdiction over the contract itself. D'Amico v. Pennsylvania Railroad Company, 191 F.Supp. 160 (S.D.N.Y.1961). Moreover, there is no independent legal right to counsel or other aspects of due process at a company level hearing, which are fully provided on review by the Board. Edwards v. St. Louis-San Francisco RR Co., 361 F.2d 946 (7th Cir. 1966). Nor does such process itself constitute harassment or other violations of 45 U.S.C.A. § 60. See Greenwood v. Atchison, Topeka and Santa Fe Ry. Co., 129 F.Supp. 105 (S.D.Cal.1955). In sum, there is no legal infirmity in the contract process itself and no jurisdiction for the court to interfere. Certainly, no damage therefrom can be assumed. Seaboard Air Line R. Co. v. Wilkinson, 216 Ga. 338, 116 S.E.2d 588 (1960).

(2) The only possible basis for any action rests upon consideration of the question whether such proceeding in some way violates the rights of the plaintiff in his F.E.L.A. case in this court. Certainly, the findings of the investigation would in no way be binding upon the plaintiff here or upon the court. The only legally permissible use of any aspect of the hearing on the trial in this court would be by way of impeachment of the plaintiff or other witnesses. Plaintiff contends he has a right to counsel at the hearing for this purpose. The court knows of no such right. The giving of some inconsistent statement is more in the control of the plaintiff than any other person and the court knows of no limits on the manner in which any such alleged statement is obtained. If the plaintiff had already given a statement to an investigator at the scene, to a doctor, to a fellow employee, or to a neighbor or friend, the fact that he had no counsel present at the time would not prohibit its use on trial if inconsistent with his testimony. The fact that a statement may be required of the defendant at the hearing does not change the rule. Of course, the defendant is free to obtain statements from other witnesses without counsel at any time, in or out of a hearing. This is not to say that the plaintiff or any other witness is not free, at trial, to explain the circumstances under which any alleged inconsistent statement was given.

For the reasons stated, the relief must be denied. The court notes that depositions of key witnesses have already been taken and that defendant consents to the presence of counsel for both parties at

the hearing, but not their participation in the proceedings.

Accordingly, the application for temporary injunction is denied and the temporary restraining order dissolved.

It is so ordered.