**James E. HENDLEY, Plaintiff,**

v.

**CENTRAL OF GEORGIA RAILROAD COMPANY, Defendant.**

No. CV477–269.

United States District Court,
S. D. Georgia,
Savannah Division.

Dec. 28, 1977.

Billy E. Moore, Edward W. Szczepanski, Moore & Szczepanski, Columbus, Ga., John Wright Jones, Jones & Cheek, Savannah, Ga., for plaintiff.

John B. Miller, Miller, Beckmann & Simpson, Savannah, Ga., for defendant.

## ORDER

LAWRENCE, District Judge.

### I

James E. Hendley is an employee of Central of Georgia Railroad Company which is a part of the Southern Railway System. He seeks an injunction against defendant's pending disciplinary investigation growing out of his activities in connection with a co-employee's personal injury suit against Central under the Federal Employers' Liability Act.

Mr. Hendley is a switch engine foreman. It appears that in off-duty hours, he assisted Daniel Razook in the latter's personal injury action against Central and Union-Camp Corporation. He was present in a switch engine which carried one of plain-

tiff's attorneys (a former officer in the Switchmen's Union) onto Union-Camp's woodyard where photographs were made for use in the FELA action filed by Razook.[1]

Following the trial and settlement of the damage suit, written notice was sent to Hendley scheduling a disciplinary investigation based on "disloyalty" and the violation of rule R of Southern Railway System's operating rules.[2] Hendley who has been suspended responded with a suit 'seeking injunctive relief in this Court. Jurisdiction is predicated upon 28 U.S.C. § 1331(a) [federal question]; 45 U.S.C. § 60 [prohibiting a carrier's prevention of an employee's volunteering information as to a claim to one in interest], and 45 U.S.C. § 56 [jurisdiction over personal injury cases under the Federal Employers' Liability Act].

Hendley maintains that the investigation is intimidatory in nature and is a palpable violation of 45 U.S.C. § 60. The disciplinary proceeding constitutes, plaintiff complains, a mere reprisal because Central was the loser in Razook's action for damages. Plaintiff argues that relief can and should be granted by this Court in the way of enjoining the imminent disciplinary investigation.

The Railroad contends that this Court is without jurisdiction to do so and that Mr. Hendley has no remedy in the courts until he has exhausted the procedures provided for in the collective bargaining contract and the Railway Labor Act, 45 U.S.C. §§ 151–159. Central takes the position that the statute in question establishes "primary exclusive jurisdiction" in the National Railroad Adjustment Board and the procedures created in that Act.

The scheduled investigation was postponed pending a decision by this Court as to the jurisdictional question. Briefs have been filed and oral argument heard.

## II

Under 45 U.S.C. § 60, which is an adjunct of the Federal Employers' Liability Act, any contract, rule or device is void that is intended or has the effect of preventing employees of a common carrier from voluntarily furnishing information to a person in interest as to the facts incident to the injury or death of an employee. Anyone who by threat, intimidation, contract, rule or device attempts to prevent the voluntary furnishing of information or who disciplines or attempts to discipline an employee for doing so is guilty of a criminal offense. 45 U.S.C. § 60. It was the intent of Congress to see to it that an injured employee could readily obtain all the available information from witnesses, particularly employees of the railroad company. *Dugger v. Baltimore & O. R. Co.*, 5 F.R.D. 334 (E.D., N.Y.). The purpose of the statute is to prevent the coercion of employees upon whom an employee claimant depends to substantiate his claim against the railroad. *Kozar v. Chesapeake and Ohio Railway Company*, 320 F.Supp. 335, 369–70, 383–85 (W.D., Mich.), reversed in part upon other grounds, 449 F.2d 1238 (6th Cir.). In *Kozar* the District Judge observed that where there are coercive practices by a carrier, "Every remedial weapon, including contempt, will be available to insure uninhibited exercise of federal rights." p. 386.

The Collective Bargaining Agreement between the Central of Georgia Railroad Company and the Switchmen's Union of which Mr. Hendley was a member provides for an investigation of grievances. Where the Railroad brings charges, the employee has full opportunity to hear the testimony of all witnesses and to present his side of the case. If the result of the investigation is disciplinary action or dismissal of the

---

1. See Hendley's pre-trial deposition in the *Razook* case. He did not testify at the trial of the claim against Central of Georgia and Union-Camp Corporation. The pictures taken at the woodyard were used in the trial.

2. "Information detrimental to the Company's interests must not be divulged except to proper

officers or to others authorized to obtain such information." The letter scheduling the hearing on the charge of disloyalty is dated December 1, 1977, immediately following the trial of the case in the Superior Court of Chatham County.

employee, there is a right of appeal to the next higher officer and from him to the next higher one. Article 18 of the Collective Bargaining Agreement.

■ Because of the huge backlog of minor disputes before the Adjustment Board, Congress amended the Act in 1966 to provide for the establishment of special adjustment boards to resolve disputes otherwise referable to the Board itself. The machinery created establishes a mandatory arbitration alternative. See *Brotherhood of Locomotive Engineers v. Denver & Rio Grande Western Railroad Company*, 411 F.2d 1115, 1118 (10th Cir.). The awards of the special adjustment boards are "final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). The range of judicial review of an award by such a board is a narrow one. See *Central of Georgia Railway Company v. United Transportation Union[s]*, 353 F.Supp. 293, 302 (S.D., Ga.).

■ The Railway Labor Act (45 U.S.C. §§ 151–163) contemplates and commands that the parties attempt to settle all minor disputes through grievance procedures, failing which either party has the right of recourse to compulsory arbitration by way of appeal to the National Railroad Adjustment Board. 45 U.S.C. § 153 First (i). A "minor" dispute generally concerns the meaning or proper interpretation and application of rules or working conditions under the collective bargaining agreement. Major disputes "look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past." *Itasca Lodge 2029 of Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees v. Railway Express Agency Incorporated*, 391 F.2d 657, 662–664 (8th Cir.), quoting *Elgin, Joliet & Eastern Railway Co. v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 89 L.Ed. 1886.

### III

The logical extreme to which plaintiff's argument leads us is that a Railroad may not discipline an employee who aids a fellow employee in developing his case against the carrier. According to plaintiff, there can be no "disloyalty" grievance since 45 U.S.C. § 60 makes a federal crime out of disciplinary reprisals by the carrier.

■ I cannot agree that that statute abolishes employer charges and grievances as to employee disloyalty. Internal disciplinary hearings at company level under a collective bargaining agreement constitute neither harassment nor other violation of 45 U.S.C. § 60. *Clark v. Seaboard Coast Line Railroad Company*, 332 F.Supp. 380, 381 (N.D., Ga.). See also *Seaboard Air Line Railroad Company v. Wilkinson*, 216 Ga. 338, 342, 116 S.E.2d 588.

Much in point is *Brotherhood of Railway and Steamship Clerks v. Atlantic Coast Line Railroad Company*, 154 F.Supp. 71 (E.D., N.C.), aff'd. 253 F.2d 753 (4th Cir.). The underlying facts in that case bear striking resemblance to those in the present case. A Union official who was an employee of ACL had assisted the attorney for another employee in the preparation of his FELA suit by surreptitiously arranging for the access of a photographer to the Railroad's office building in order to take pictures of a spiral stairway on which plaintiff had been injured. The plaintiff was discharged following disciplinary proceedings pursuant to the bargaining agreement. The Railroad Adjustment Board found such termination of employment to be without cause. In the ensuing enforcement proceeding in connection with such award the district court reversed on the ground of the employee's disloyalty. On appeal to the Fourth Circuit that ruling was affirmed.

■ In the case of *Greenwood v. Atcheson, Topeka and Santa Fe Railway Company*, 129 F.Supp. 105 (S.D., Cal.) the employee sued for damages for wrongful discharge. He had previously processed his grievance through the National Railroad Adjustment Board which denied his claim and refused reinstatement. The District Court held that the award in question was final and that no remedy existed beyond

the administrative claim.[3] It found that 45 U.S.C. § 60 conferred no right of action on a plaintiff pursuant to the Federal Employers' Liability Act.

## IV

■ Title 45 U.S.C. § 60 is a criminal, not a jurisdictional statute. I have little doubt that violations of that Section may be enjoined in connection with an on-going FELA case. See *Clark v. Seaboard Coast Line Railroad Company, supra,* 332 F.Supp. 380; *Kozar v. Chesapeake and Ohio Railway Company, supra,* 320 F.Supp. 335. Here, however, the *Razook* case has been tried and settled. There was no suppression of evidence through coercion by the Railroad. The purpose of the present suit for injunction is not to obtain relief under 45 U.S.C. § 60. It is to by-pass the mandatory remedies prescribed by Congress, under the guise of the criminal statute. Clearly plaintiff has an adequate administrative remedy under the law. It is no answer to say that proceedings under the National Railway Labor Act take too long.

The dispute involved in this case is part of the ordinary, diurnal grist of employee-employer relations. The questions involved in the disciplinary investigation include whether or not the conduct complained of constituted disloyalty. Was Switch Foreman Hendley merely voluntarily furnishing information for use in the suit against Central? Did Mr. Hendley have the right to furnish or provide same to a co-employee? Is the disciplinary investigation punitive or coercive in motive or effect? Such questions of fact (or law) are determinable under established grievance and arbitral procedures, contractual and statutory.

3. The Supreme Court agreed in *Union Pacific Railroad Company v. Price, supra,* 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 that the submission by the plaintiff of his grievance to the Adjustment Board in respect to his discharge from employment precludes him from seeking damages in a subsequent common-law action. Congress never intended that the Railroad Adjustment Board should only render advisory opinions.

4. A few words probably should be said concerning *Texas & New Orleans Railroad Compa-*

■ Awards of the special adjustment boards are, as stated, "final and binding upon both parties to the dispute." 45 U.S.C. § 153 First (m). The jurisdiction of the National Railroad Adjustment Board and its remedial processes is exclusive, primary and mandatory in the case of minor disputes under collective bargaining agreements. The statutory procedures represent a comprehensive system for resolving such controversies and a party may not turn to the courts for relief before the administrative body has first evaluated and decided the dispute. See *Slocum v. Delaware Lackawanna & Western Railroad Co.,* 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; *Union Pacific Railroad Co. v. Price,* 360 U.S. 601, 616, 79 S.Ct. 1351, 3 L.Ed.2d 1460; *International Brotherhood of Electrical Workers v. Washington Terminal Company,* 154 U.S.App. D.C. 119, 135–36, 473 F.2d 1156, 1172–73, cert. den. 411 U.S. 906, 93 S.Ct. 1530, 36 L.Ed.2d 195. The role of the courts in adjustment of labor disputes does not begin until there has been exhaustion of the contractual and statutory arbitration processes. *Andrews v. Louisville & Nashville Railroad Co.,* 406 U.S. 320, 325–26, 92 S.Ct. 1562, 32 L.Ed.2d 95.

■ The courts that have considered the effect of 45 U.S.C. § 60 on jurisdiction in suspensions or terminations growing out of charges of employee perfidy have concluded that that provision of FELA does not preclude, in a proper case, such punishment. Nor does it confer jurisdiction upon the district courts to decide that issue. I have read the authorities relied on by plaintiff's counsel and do not find them to be persuasive.[4]

*ny v. Brotherhood of Railway & Steamship Clerks et al.,* 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. The Railway Labor Act of 1926 contained a provision that representatives of the disputant parties should be selected by the respective parties without influence or coercion by the other. The defendant Railroad had recognized a company Union as the representatives of its clerical parties and an injunction against it was granted below. Defendants contended in the Supreme Court that the statutory provision referred to created a mere abstract

Finding neither a clear and specific grant of federal jurisdiction nor any statutory overriding of the remedies established in labor disputes, the injunctive relief sought must be and is denied and the complaint dismissed. The defendant Railroad is free to reschedule the disciplinary investigation and to proceed therewith.

right without provision for enforcement by legal proceedings. The Court affirmed. It said: "The definite prohibition which Congress inserted in the Act cannot . . . be overridden in the view that Congress intended it to be ignored. As the prohibition was appropriate to the aim of Congress, and is capable of enforce-ment, the conclusion must be that enforcement was contemplated." At 569, 50 S.Ct. at 433.

But this is not to say that a right to be free from coercion as set forth in a criminal law operates to displace a statutory system of mandatory arbitration embracing the very controversy between the parties in respect to loyalty.