Will HOLMES, Plaintiff,

v.

ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Defendant.

Civ. No. H91–251.

United States District Court, N.D. Indiana, Hammond Division.

Sept. 17, 1992.

---

Michael L. Lauzon, Chicago, IL, Stephen Eckman, Minneapolis, MN, for plaintiff.

Harold Abrahamson, Hammond, IN, for defendant.

## ORDER

LOZANO, District Judge.

This matter is before the Court on Plaintiff's Motion in Support of Protective Order, filed on December 10, 1991, by Plaintiff, Will Holmes ("Holmes"). By his Motion, Holmes requests the Court to issue a protective order pursuant to Fed.R.Civ.P. 26(c), prohibiting Defendant, Elgin, Joliet & Eastern Railway Company ("E.J. & E.") from any *ex parte* communication with Holmes, including any disciplinary hearings under the collective bargaining agreement between E.J. & E. and the Brotherhood of Maintenance of Way Employees, of which Holmes is a member. For the reasons set forth herein, Holmes' Motion is DENIED.

## BACKGROUND

On September 18, 1990, Holmes injured his right hand while working with an on-track tamping machine on the property of E.J. & E. On February 25, 1991, Holmes brought an action against E.J. & E. under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.* The gravamen of his action was that E.J. & E. had acted negligently in failing to train and supervise Holmes, and this negligence contributed to his injury, in violation of the FELA. E.J. & E. answered Holmes' Complaint on March 18, 1991, denying its negligence, and alleging contributory negligence. On August 30, 1991, Holmes received notice from E.J. & E. of a disciplinary hearing to be held on September 6, 1991, "to develop all facts and to determine the responsibility, if any, in connection with your alleged violation of Rules E.1, 33 and 317 of the Safety Rules and General Regulations Governing Maintenance of Way Employees resulting in an injury to yourself at 1:05 p.m. on September 18, 1990" (Plaintiff's Exhibit C). This disciplinary hearing was ultimately held on October 3, 1991. Because Holmes' felt that the hearing would compromise his FELA action,

he chose not to speak at the disciplinary proceeding (Defendant's Exhibit E). As a result, E.J. & E. concluded that testimony at the hearing established that Holmes was responsible, as charged in the disciplinary proceeding. Consequently, Holmes was assessed twenty-five (25) demerits (Plaintiff's Exhibit D). An accumulation of 100 demerits is considered evidence that an employee has not rendered satisfactory service and results in dismissal from the service of E.J. & E. *Id.*

On November 11, 1991, E.J. & E. notified Holmes of a second internal disciplinary hearing to be held in connection with his alleged insubordination in failing to testify at the first disciplinary hearing held October 3, 1991. On December 10, 1991, Holmes filed the present Motion wherein he seeks relief from having to answer questions in the second disciplinary proceeding. His contention is that the second disciplinary proceeding is improper and violative of his rights in his FELA proceeding before this Court as it would allow E.J. & E. to "invade Plaintiff's rights under Fed.R.Civ.P. 26 by compelling him, and by extension its entire work force, to respond to interrogation pertaining to a cause of action under FELA without benefit of counsel." (Plaintiff's Motion in Support of Protective Order at 3.) Holmes argues that because the disciplinary proceeding would allow E.J. & E. discovery which would be useful against Holmes in his FELA case, without the procedural protection afforded him under the Federal Rules of Civil Procedure, this Court has jurisdiction to enjoin the disciplinary proceeding.

In Defendant's Memorandum in Opposition to Plaintiff's Motion in Support of Protective Order, E.J. & E. argues that this Court lacks jurisdiction to enjoin any investigation or disciplinary proceeding carried out by the Defendant pursuant to its collective bargaining agreement with Plaintiff's union. E.J. & E. argues that this matter is governed by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.* E.J. & E. contends that the present dispute involves the interpretation or application of the collective bargaining agreement between E.J. & E. and the Brotherhood of Maintenance of Way Employees, and is therefore a "minor dispute" which can only be resolved by resort to the RLA, and which therefore, this Court has no jurisdiction to address.

DISCUSSION

The Railway Labor Act "provides a comprehensive framework for the resolution of labor disputes in the railroad industry." *Atchison, Topeka & Santa Fe R.R. Co. v. Buell,* 480 U.S. 557, 562, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987). The RLA establishes elaborate administrative procedures for the resolution of both "major" and "minor" labor disputes. "Major disputes" are those arising "out of the formation or change of collective bargaining agreements covering rates of pay, rules, or working conditions." *Id.* (citations omitted); *see also Chicago & North Western Transp. Co. v. Railway Labor Executives' Ass'n,* 908 F.2d 144 (7th Cir.1990). The statutory procedures for resolving major disputes are not at issue in this case. A "minor dispute" is:

> one that can be resolved conclusively by interpretation of the collective bargaining agreement. In other words, a minor dispute is one over the interpretation or application of the collective bargaining agreement (for a grievance is merely a complaint that arises under the agreement), while a major dispute is one in which the carrier or employer wants to change the agreement.

*Chicago & North Western,* 908 F.2d at 148 (citations omitted).

Minor disputes are governed by the procedures for compulsory arbitration established by § 3 of the RLA. 45 U.S.C. § 153, First. Under subsection (h), four divisions of the National Railroad Adjustment Board ("NRAB") are created. Subsection (i) specifies the procedure used to resolve employer/employee disputes regarding rates of pay, rules, or working conditions:

> The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and includ-

ing the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

45 U.S.C. § 153, First (i).

In *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), the United States Supreme Court expressly overruled its previous holding in *Moore v. Ill. Central R.R. Co.*, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089 (1941), that procedures for the adjustment of minor disputes under the Railway Labor Act had been intended by Congress to be optional, not compulsory. *Andrews* held that the RLA compels the arbitration of minor disputes before the National Railroad Adjustment Board, and stated that "the notion that the grievance and arbitration procedures provided for minor disputes in the Railroad Labor Act are optional, to be availed as the employee or the carrier chooses, was never good history and is no longer good law." 406 U.S. at 322, 92 S.Ct. at 1564.

Affirming the holding in *Andrews* as well as its historical reading, the Supreme Court in *Buell* stated that,

[I]n enacting the RLA:

"Congress endeavored to promote stability in labor-management relations in this important national industry by providing effective and efficient remedies for the resolution of railroad-employee disputes arising out of the interpretation of collective-bargaining agreements. *See Gunther v. San Diego & A.E.R. Co.*, [382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965) ]; *Union Pacific R. Co. v. Price*, [360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959) ]; *Slocum v. Delaware L. & W.R. Co.*, 339 U.S. 239 [70 S.Ct. 577, 94 L.Ed. 795] (1950). The Adjustment Board was created as a tribunal consisting of workers and management to secure the prompt, orderly and final settlement of grievances that arise daily between employees and carriers regarding rates of pay, rules, and working conditions.

*Union Pacific R. Co. v. Price, supra,* [360 U.S.] at 611 [79 S.Ct. at 1356]; *Elgin J. & E.R. [Ry.] Co. v. Burley,* 327 U.S. 661, 664 [66 S.Ct. 721, 722, 90 L.Ed. 928] (1946). Congress considered it essential to keep these so-called 'minor' disputes within the Adjustment Board and out of the courts. *Trainmen v. Chicago R. & I.R. Co.* 353 U.S. 30, 40 [77 S.Ct. 635, 640, 1 L.Ed.2d 622] (1957)." *Union Pacific R. Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978).

480 U.S. at 563, 107 S.Ct. at 1414.

Following *Andrews*, numerous appellate courts have held that by placing the exclusive remedy for a minor dispute with the NRAB, Congress intended to preempt the subject matter jurisdiction of the district courts to resolve the same disputes. *See Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045, 1054 (7th Cir.1983) (and cases collected therein). Therefore, if the dispute between Holmes and E.J. & E. is a minor dispute, unless it is within a narrow exception (discussed *infra*), exclusive jurisdiction over this dispute lies within the collective bargaining agreement itself and the NRAB, rather than with this Court.

The disciplinary hearing which Holmes contests and asks this Court to enjoin, is scheduled under the provisions of Rule 57 of the collective bargaining agreement between E.J. & E. and The Brotherhood of Maintenance of Way Employees. The conditions provide in part:

(a) An employe in the service sixty (60) calendar days or more will not be disciplined or dismissed without first being given a fair and impartial hearing before an officer other than the officer preferring charges. If the offense is considered sufficiently serious, the employe may be suspended pending the hearing and decision. At the hearing the employe covered by this agreement may be assisted by representatives of the Brotherhood, party hereto. The hearing will be held within ten (10) days of date when charged with the offense or held out of service. Decision will be rendered within ten (10) days after comple-

tion of hearing. Prior to the hearing the employe will be notified in writing of the precise charge against him, after which he will be allowed reasonable time for the purpose of having witnesses and representatives of his own choice present at the hearing.

(Defendant's Exhibit A).

E.J. & E. seeks to convene a disciplinary proceeding pursuant to this section. It is this proceeding to which Plaintiff objects. Clearly, "a disciplinary hearing which is conducted in accordance with the procedures set out in an applicable collective bargaining agreement would usually constitute a minor dispute." *Hendley v. Central of Ga. R.R. Co.*, 609 F.2d 1146, 1150 (5th Cir.1980). *See also Clark v. Seaboard Coast Line R.R. Co.*, 332 F.Supp. 380, 381 (N.D.Ga.1970). Thus, the disciplinary proceeding complained of by Holmes is a minor dispute, normally within the exclusive jurisdiction of the RLA.

■ However, Holmes argues that this matter is not preempted under the RLA because it falls under a narrow exception whereby a federal court is empowered to hear an action normally within the exclusive jurisdiction of the NRAB where the disciplinary proceeding under the RLA violates a specific federal statutory section. *Jackson*, 717 F.2d 1045, 1050; *Hendley*, 609 F.2d 1146, 1152.

In *Hendley*, the plaintiff brought suit to enjoin the railroad, his employer, from conducting a disciplinary hearing into his alleged disloyalty in assisting a fellow employee's FELA action against the railroad. Hendley claimed that this disciplinary proceeding violated 45 U.S.C. § 60, which provides that it is a crime to discipline a employee for voluntarily furnishing information in connection with a FELA case. The district court ruled that his claim was a minor dispute, and therefore under the exclusive jurisdiction of the NRAB. The Fifth Circuit Court of Appeals reversed, holding that Hendley's claim was cognizable in federal court. The court stated that, "the question of whether a particular disciplinary hearing violates § 60 involves interpretation of a federal statute, and is therefore a matter of federal jurisdiction." 609 F.2d at 1151. The Court then analogized

the case to *Brotherhood of R.R. Trainmen v. Central of Ga. Ry.*, 305 F.2d 605 (5th Cir. 1962), in which the Plaintiff alleged that a disloyalty investigation by the railroad was instituted in order to discredit the union of which he was a representative. The Fifth Circuit held that it had jurisdiction over the case because the allegations, if proven, constituted a violation of 45 U.S.C. § 152, Third, which prohibits coercion in the employees' choice of a representative. In making this analogy, the *Hendley* court distinguished this case from a later Fifth Circuit decision, *Brotherhood of R.R. Trainmen v. Southern Ry. Co.*, 393 F.2d 303 (5th Cir.1968), where the Plaintiff requested that the district court enjoin union activity alleged to have violated the general policy provisions of the RLA. The court rejected that argument, stating that federal court jurisdiction could not be based on general policy statements. *Hendley*, 609 F.2d at 1152 n. 4.

In *Jackson v. Consolidated Rail Corp.*, 717 F.2d 1045 (7th Cir.1983), the Seventh Circuit had opportunity to discuss and analyze the *Hendley* decision, when it held that a railroad worker's state tort claim for retaliatory discharge was preempted by the RLA. The court stated that *Hendley* "recognizes an exception to preemption only if the suit is premised on a specific federal statutory section. It distinguishes such a claim from one in which the allegations constitute, if proven only a violation of the policy underlying a federal statute." 717 F.2d at 1050.

Holmes argues that the disciplinary proceeding in the present action should be considered a violation of Federal Rules of Civil Procedure 26 and 30, which set out the proper procedures for discovery under the federal rules. He argues that the disciplinary proceeding allows E.J. & E. to procure discovery for the FELA case without complying with the federal rules.

■ This allegation is insufficient to trigger the narrow exception to preemption. A federal court has jurisdiction to resolve a minor dispute only where the dispute resolution mechanism under the collective bargaining agreement is a direct violation of a competing federal statute which governs labor

management relations and protects the same class of individuals as are affected by the provisions of the collective bargaining agreement. In every instance that an exception has been recognized to mandatory dispute resolution under the collective bargaining agreement, a specific statutory act protecting the rights of railroad employees was found to be in direct conflict with the collective bargaining agreement procedure. *Hendley*, 609 F.2d at 1152; *Jackson*, 717 F.2d at 1050.

In the case at bar, the disciplinary proceeding complained of presently is not alleged to be in conflict with any substantive statutory right. Further, the Federal Rules of Civil Procedure do not govern labor/management relations and were not enacted to specifically protect the rights of railroad employees. Accordingly, Court finds that it has no jurisdiction to resolve this minor dispute, as it must be decided under the parties' collective bargaining agreement and ultimately, by the NRAB.

■ Having resolved the issue of preemption, Holmes' claim is reduced to a consideration of whether the disciplinary proceeding in some way violates his rights in the FELA case in this Court. Where this claim has been urged in the past, it has soundly been rejected. Deciding the same question, on closely analogous facts, the district court in *Clark v. Seaboard Coast Line R.R. Co.*, 332 F.Supp. 380 (N.D.Ga.1970), rejected Plaintiff's contention that a disciplinary proceeding conducted by his railroad employer infringed upon his rights in his FELA case, stating:

> Certainly, the findings of the investigation would in no way be binding upon the plaintiff here or upon the court. The only legally permissible use of any aspect of the hearing on the trial in this court would be by way of impeachment of the plaintiff or other witnesses. Plaintiff contends he has a right to counsel at the hearing for this purpose. The court knows of no such right. The giving of some inconsistent statement is more in the control of the plaintiff than any other person and the court knows of no limits on the manner in which any such alleged statement is obtained. If the plaintiff had already given a

statement to an investigator at the scene, to a doctor, to a fellow employee, or to a neighbor or friend, the fact that he had no counsel present at the time would not prohibit its use on trial if inconsistent with his testimony. The fact that a statement may be required of the defendant at the hearing does not change the rule. Of course, the defendant is free to obtain statements from other witnesses without counsel at any time, in or out of a hearing. This is not to say that the plaintiff or any other witness is not free, at trial, to explain the circumstances under which any alleged inconsistent statement was given.

332 F.Supp. at 381.

This Court is persuaded by Judge Smith's reasoning in *Clark*. It is clear that Holmes' rights in the FELA proceeding in this Court are in no way jeopardized by E.J. & E.'s internal disciplinary proceeding. Moreover, Holmes' contention that he is being wrongfully denied the right to counsel in this proceeding must also be rejected. It is clear that "there is no independent legal right to counsel or other aspects of due process at a company level hearing...." *Id.*; *see also Edwards v. St. Louis-San Francisco R.R. Co.*, 361 F.2d 946, 953-54 (7th Cir.1966) ("[W]hen a railroad employee questions the propriety of the initial hearing held on carrier property, his claim must be based on the provisions of the collective bargaining agreement relating to that subject."); *Watts v. Union Pacific R.R. Co.*, 796 F.2d 1240, 1245 (10th Cir.1986) ("Although appellant may be entitled to representation by an attorney when appearing before the [National Railroad Adjustment] Board, he has no similar right associated with company disciplinary hearings. And while due process protects appellant from arbitrary and capricious decisions by government administrators, he does not enjoy constitutional protection from the railroad's decision to terminate his employment.") (citations omitted).

CONCLUSION

Holmes has not shown that the disciplinary proceeding convened by E.J. & E. under Rule 57 of the collective bargaining agreement is violative of the Federal Rules of Civil Procedure. Also, he has failed to show that

the disciplinary proceeding jeopardizes his rights in the FELA case proceeding in this Court. Accordingly, Holmes' Motion in Support of Protective Order is hereby DENIED.