**Christopher A. GUST, Plaintiff,**

v.

**SOO LINE RAILROAD COMPANY, d/b/a CP RAIL SYSTEM, Defendant.**

**No. 96–C–1165.**

United States District Court, E.D. Wisconsin.

Oct. 25, 1996.

Yaeger Jungbauer Barzak & Roe, P.L.C. by Gregory T. Yaeger and Michael McReynolds, Minneapolis, MN, for Plaintiff.

Godfrey, Braun & Hayes by William H. Frazier, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff, Christopher A. Gust, is employed as a conductor by the defendant railroad company. He filed this action on October 10, 1996 for injuries allegedly suffered by him on September 16, 1996, while he was

engaged in the "course and scope" of his employment. This court's jurisdiction is based on the Federal Employers' Liability Act ["FELA"], 45 U.S.C. §§ 51–60. Accompanying Mr. Gust's complaint was a motion for a preliminary injunction. It is this motion that is presently before the court. The parties have stipulated that the plaintiff's motion not be considered as one for a temporary restraining order.

Mr. Gust claims that on September 20, 1996, four days after his alleged injuries occurred, Soo Line notified him that it would be holding an investigation hearing regarding the incidents from which Mr. Gust's injuries arose. The defendant originally scheduled the investigation for September 25, 1996, but by agreement of the parties it has been rescheduled for November 5, 1996. Mr. Gust's motion seeks to prevent the defendant from requiring him to appear at the investigation or from disciplining him for failure to appear.

The plaintiff characterizes the defendant's investigation as an attempt to engage in "extra-judicial discovery" in violation of the Federal Rules of Civil Procedure. Furthermore, Mr. Gust alleges that the defendant's investigation violates two federal statutes. First, he claims that the investigation is void under 45 U.S.C. § 55, which prohibits the use of "any contract, rule, regulation, or device whatsoever" that enables a common carrier to exempt itself from liability under FELA. Second, the plaintiff argues that the defendant's investigation violates 45 U.S.C. § 60, which provides for the punishment of the use of "any device whatsoever" that prevents employees from voluntarily furnishing information about the injury or death of another employee.

■ Soo Line asserts that this court does not have subject matter jurisdiction to decide whether the defendant may proceed with its investigation of the September 16, 1996 incident because it is a "minor dispute" under the Railway Labor Act ["RLA"], 45 U.S.C. §§ 151–163, 181–188. The RLA provides for compulsory arbitration of "minor disputes" over "the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 153(i);

*Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246, ——, 114 S.Ct. 2239, 2244, 129 L.Ed.2d 203 (1994). The court of appeals for the seventh circuit has noted that it would be appropriate to describe a "minor dispute" under the RLA as a dispute over "interpretation" of the collective bargaining agreement ["CBA"], rather than "modification" of the CBA. *Chicago & North Western Transp. Co. v. Railway Labor Executives' Assoc.,* 908 F.2d 144, 148 (7th Cir.1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). In enacting the RLA, Congress "considered it essential to keep these so-called 'minor' disputes within the Adjustment Board and *out of the courts.*" *Atchison, Topeka & Santa Fe Ry. v. Buell,* 480 U.S. 557, 563, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987) (emphasis added). The court will not have subject matter jurisdiction unless the investigation itself violates a specific federal statutory section. *Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1050–51 (7th Cir. 1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984); *Hendley v. Central of Georgia R.R.,* 609 F.2d 1146, 1152 (5th Cir.1980), *cert. denied,* 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981); *Holmes v. Elgin, Joliet & Eastern Ry.,* 815 F.Supp. 279, 283 (N.D.Ind.1992).

Soo Line scheduled the investigation hearing pursuant to Article 9 of the CBA between the defendant and the United Transportation Union. Mr. Gust is a member of the United Transportation Union. Article 9(c) of the CBA provides that the defendant may, upon notification to the employee, conduct an investigation of an alleged offense by that employee. (Defendant's Exhibit 1). Article 9(d) of the CBA also provides that, subject to some limited exceptions, an employee will not be "held out of service prior to a fair and impartial investigation and subsequent written decision." (Defendant's Exhibit 1).

■ Soo Line avows that since the investigation that Mr. Gust seeks to enjoin is pursuant to a negotiated agreement between Mr. Gust's union and the railroad, it is a dispute involving the interpretation or application of the CBA, and therefore is a minor dispute. This argument is persuasive. The defendant properly followed procedures set forth by the

CBA for the investigation of a possible workplace violation by Mr. Gust. Moreover, an investigation or hearing to determine the facts of the September 16, 1996 incident may subject Mr. Gust to discipline under the CBA and can fairly be characterized as a dispute arising under the CBA. *See Hendley,* 609 F.2d at 1150 ("It is clear that a disciplinary hearing which is conducted in accordance with the procedures set out in an applicable collective bargaining agreement would usually constitute a minor dispute."); *Holmes,* 815 F.Supp. at 282–83 (finding that since the disciplinary proceeding at issue was to convene pursuant to a collective bargaining agreement, "the disciplinary proceeding complained of by [plaintiff] is a minor dispute, normally within the exclusive jurisdiction of the RLA."). I believe that the investigation hearing scheduled by Soo Line is a "minor dispute" under the RLA.

The court finds that the investigation hearing does not fall into the narrow exception that would allow this court to assert subject matter jurisdiction over Mr. Gust's motion for a preliminary injunction. The proposed investigation is not a direct violation of a federal statute, despite the plaintiff's assertion that it violates the Federal Rules of Civil Procedure, 45 U.S.C. § 55, and 45 U.S.C. § 60. In describing this exception to the RLA's preemption of federal courts, the court of appeals for the seventh circuit has emphasized that there is a distinction between a specific violation of a federal statute and a violation of the policy underlying a federal statute. *Jackson,* 717 F.2d at 1050. One court has noted that "in every instance that an exception has been recognized to mandatory dispute resolution under the collective bargaining agreement, a specific statutory act protecting the rights of railroad employees was found to be in *direct conflict with the collective bargaining procedure.*" *Holmes,* 815 F.Supp. at 284 (emphasis added).

■ The investigation, provided for and authorized by the CBA, is not in direct conflict with the Federal Rules of Civil Procedure. These rules are designed to facilitate the efficient gathering of information relevant to a case in federal court. That the

plaintiff's current action and the investigation scheduled for November 5, 1996 arise from the same facts does not mandate a finding that the defendant's investigation harms the parties' rights to proceed in the underlying matter under the court's discovery rules. Whatever happens in the defendant's investigation, this court will still apply the Federal Rules of Civil Procedure and the Federal Rules of Evidence throughout all of the proceedings. Furthermore, "the Federal Rules of Civil Procedure do not govern labor/management relations and were not enacted to specifically protect the rights of railroad employees." *Holmes,* 815 F.Supp. at 284.

■ Mr. Gust's contention that the investigation also violates 45 U.S.C. § 55's prohibition against railroads' using "any device whatsoever" to exempt themselves from liability under FELA is similarly unpersuasive. A finding that an employee's FELA suit must preclude an investigation authorized by the CBA would lead to inappropriate circumstances. Employees would be able to circumvent all investigations, hearings, and disciplinary proceedings by going to federal court with a FELA claim. The plaintiff has provided the court with no evidence to show that the defendant, by following procedures set forth by the CBA, is attempting unlawfully to escape FELA liability. This is especially true given that Soo Line notified Mr. Gust of the investigation almost three weeks before he filed his FELA suit.

■ Finally, the court also rejects the argument that the defendant's investigation/hearing violates 45 U.S.C. § 60. The plaintiff, in his brief, states that the likely effect of the investigation "is to coerce, intimidate, and discourage those workers who possess critical information with regard to the accident in controversy from providing that information to Plaintiff lest the same punitive measures be taken against them." It would be error for the court to find that an investigation authorized by the CBA is precluded because of an unsupported claim that the investigation will stifle other workers from coming forward. To do so would defeat the purpose of the CBA. It is also significant that the court of appeals for the seventh circuit has held that a federal court did not

have subject matter jurisdiction over the plaintiffs' claim that the defendant's investigations "had the effect of discouraging the plaintiffs from testifying in or pursuing their FELA actions." *Bielicke v. Terminal R.R. Assoc.*, 30 F.3d 877, 877 (7th Cir.1994). That court said that "one cannot determine whether [the defendant] conducted the investigations for legitimate purposes under the collective bargaining agreements or if they abused the investigation procedures allowed by the collective bargaining agreements ... without focusing the case on the collective bargaining agreements themselves." *Id.* at 878.

Thus, because the investigation/hearing is a minor dispute that does not violate a specific federal statute, this court does not have subject matter jurisdiction over the plaintiff's motion for a preliminary injunction.

The defendant also claims that even if this court does have subject matter jurisdiction, Mr. Gust has not satisfied the prerequisites for the granting of a preliminary injunction. Because the court has found that it does not have subject matter jurisdiction, it does not need to determine whether Mr. Gust has met these prerequisites.

Therefore, IT IS ORDERED that the plaintiff's motion be and hereby is dismissed for lack of subject matter jurisdiction.