**Richard P. CHAPMAN, Plaintiff,**

v.

**SOUTH BUFFALO RAILWAY COMPANY, Defendant.**

No. 98–CV–497A.

United States District Court,
W.D. New York.

Feb. 3, 1999.

Gregg S. Maxwell, Andrews, Sanchez, Amigone, Mattrey & Marshall, Buffalo, NY, Joseph A. Coffey, Jr., Coffey & Kaye, Bala Cynwyd, PA, for plaintiff.

Charles E. Graney, Harris Beach & Wilcox, Hamburg, NY, Kevin A. Szanyi, Webster Szanyi, LLP, Buffalo, NY, for defendant.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B), on November 3, 1998. On January 11, 1999, Magistrate Judge Heckman filed a Report and Recommendation, recommending that plaintiff's motion for a preliminary injunction should be denied and removing plaintiff's motion for an expedited hearing from the docket.

The Court has carefully reviewed the Report and Recommendation, the record in this case, and the pleadings and materials submitted by the parties. No objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, plaintiff's motion for a preliminary injunction is denied and plaintiff's motion for an expedited hearing is removed from the docket as moot. The case is referred back to Magistrate Judge Heckman for further proceedings.

IT IS SO ORDERED.

## REPORT & RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), this matter has been referred to the undersigned by order of the Honorable Richard J. Arcara, U.S.D.J., for all pre-

trial matters, including hearing and reporting on any dispositive motions (Item 6). Plaintiff filed this action pursuant to the Federal Employers Liability Act, 45 U.S.C. §§ 151–60, and the Federal Safety Appliance Acts, 45 U.S.C. §§ 1–26 (Item 1).[1] On November 4, 1998, plaintiff moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure (Item 7). In addition, plaintiff moved for an expedited hearing on the motion (item 9). Oral argument was heard on December 14, 1998. For the reasons set forth below, plaintiff's motion should be denied.

## BACKGROUND

At the time of the events giving rise to this complaint, plaintiff was an employee of the South Buffalo Railway Company. Plaintiff alleges that at approximately 10:00 A.M. on July 9, 1998, he was working near or with the coupler of a railroad car when he was caught between a draft of railroad cars and the car on which he was working (Item 1, ¶ 10). As a result of the accident, plaintiff alleges he sustained multiple injuries including an extensive crushing injury to his pelvis, a torn anus with permanent damage, permanent urethra damage, removal of his gall bladder, extensive vascular damage within his left leg, extensive nerve damage to his lower torso and lower extremities, injury to his lumbar spine, and emotional distress (Item 1, ¶ 12).

Some time after the accident, defendant apparently contacted plaintiff in an attempt to investigate the accident. Plaintiff's attorney notified defendant on August 18, 1998, that a lawsuit was filed and that defendant was "in violation of the Rules of court by attempting to contact [plaintiff]" (Item 7, at Pl.Ex. B). Defendant was asked to "cease and desist from all contact with [plaintiff]. Any information concerning this matter that you desire

will be obtained from [plaintiff's counsel]" (Item 7, at Pl.Ex. B). On August 25, 1998, defendant's counsel replied to the August 18 letter by advising plaintiff's counsel that "[plaintiff] is required to provide a statement concerning his accident" (Item 7, at Pl.Ex. C). The letter continued, indicating that "the requirement is contained within his term of employment. His failure to provide a statement may result in disciplinary proceedings including his possible discharge from employment. . . ." (Item 1, at Pl.Ex. C). Plaintiff's counsel replied to this letter by requesting copies of any accident reports plaintiff is required to complete (Item 1, at Pl.Ex. D).

On September 15, 1998, defendant sent a letter to plaintiff notifying him of his obligations under the employer's Policy and Conduct rules to participate in the accident investigation (Item 7, Pl.Ex. E; Item 12, Def.Ex. D). In addition, the letter stated that if plaintiff was "being advised that [he] should not, or that you are not required to answer questions concerning the incident from any counsel, be assured such counsel or advice is *wrong*. Your refusal to answer questions for whatever reason places your employment relationship in jeopardy" (Item 7, Pl.Ex. E; Item 12, Def.Ex. D). The letter also warned that "refusal to comply with this directive will result in the termination of your wage continuance" (Item 7, Pl.Ex. E; Item 12, Def.Ex. D).

On October 5, 1998, a letter was sent to plaintiff from defendant's Equipment and Facilities Manager notifying plaintiff that a disciplinary hearing was scheduled for October 15, 1998 (Item 7, Pl.Ex. F; Item 12, Def.Ex. E). Plaintiff was charged with violating Policy and Conduct Rules number 27, 28, and 29, gross insubordination for failing to comply with the letter of September 15, 1998, and insubordination for failing to comply with the letter of September 15, 1998 (Item 7, Pl.Ex. F;

---

1. The Safety Appliance Acts, 45 U.S.C. §§ 1–26, was repealed by Pub.L. No. 103–272, § 7(b), 108 Stat. 1379 (July 5, 1994).

Item 12, Def.Ex. E).[2] The presiding officer of the disciplinary hearing found plaintiff guilty of the charges (Item 12, Def.Ex. F). The hearing officer recommended that the employment relationship between plaintiff and defendant be terminated due to the seriousness of the charges and plaintiff's "indifference and total lack of cooperation after being placed on notice of his responsibility to cooperate" (Item 12, Def.Ex. F). On November 23, 1998, plaintiff was mailed a letter from the Equipment and Facilities Manager notifying him that his employment with defendant was terminated (Item 12, Def.Ex. G).

On November 4, 1998, plaintiff filed a motion for a preliminary injunction (Item 7). Plaintiff seeks · an order prohibiting defendant from:

a. Holding any hearing, inquiry, investigation, etc. concerning [plaintiff's] failure to comply with its requests and/or orders to present himself to railroad officials to make statements concerning his accident;

b. Contacting [plaintiff] directly concerning any subject related to his accident;

c. Making any attempt to obtain [plaintiff's] statement, or otherwise obtain information from him about his accident, unless those attempts fully comply with the Federal Rules of Civil Procedure, including but not limited to, making certain that all communications to [plaintiff] be directed to and through his counsel. . . .

d. Taking any action that can or will result in [plaintiff's] dismissal from

2. The Policy and Conduct Rules that plaintiff allegedly violated are:
27. Employees may be required to give detailed statements of conditions and causes surrounding accidents or personal injuries.
28. Employees who withhold information or fail to give factual report of any irregularity, accident or violation of rules will be subject to appropriate disciplines.

the railroad, loss of any pension benefits, or loss of any other benefits. (Item 7). Defendant argues that this relief should be denied because plaintiff did not request this type of relief in his complaint, because the court does not have jurisdiction to restrain defendant from enforcing the terms of its collective bargaining agreement, and because the issues are moot (Item 13).

## DISCUSSION

### I. The Court Lacks Jurisdiction Over Minor Disputes Involving the CBA.

■ Pursuant to Fed.R.Civ.P. 65, plaintiff has moved to enjoin defendants from conducting any hearings regarding plaintiff's failure to comply with the investigation of plaintiff's accident, contacting plaintiff about the accident, making any attempts to contact plaintiff except through his attorney, and terminating plaintiff's employment. Defendant argues that the relief plaintiff requests is unavailable, because courts do not have jurisdiction over "minor disputes" under the Railway Labor Act, 45 U.S.C. §§ 151–60. (Item 13, at 3). The action plaintiff seeks to enjoin arises out of the collective bargaining agreement and thus cannot be raised in this forum. *See Gust v. Soo Line R. Co.*, 942 F.Supp. 408, 410–11 (E.D.Wis.1996).

■ The Railway Labor Act ("RLA") distinguishes between major disputes and minor disputes. *See* 45 U.S.C. § 153a. Major disputes relate to the creation of collective bargaining agreements, and minor disputes involve controversies over the meaning of an existing collective bargaining agreement. *Hawaiian Airlines, Inc.*

29. Employees shall fully cooperate at all investigations in order that true and complete facts may be determined. An attempt on the part of any employee to mislead or make false statements to the investigating officer is sufficient cause for dismissal.
(Item 12, Def.Ex. B).

*v. Norris,* 512 U.S. 246, 252–53, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994); *Atchison, T. & S.F.R. Co. v. Buell,* 480 U.S. 557, 562–63, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). Minor disputes that arise under the collective bargaining agreement are to be resolved by the National Railroad Adjustment Board and not the courts. *Atchison, Topeka and Santa Fe Railway Co,* 480 U.S. at 562, 107 S.Ct. 1410; *see Gust,* 942 F.Supp. at 410.

According to the Policy and Conduct Rule Book and Safety Rules, which are incorporated into the collective bargaining agreement, defendant's employees who are injured on the job can be required to assist in the investigation of an accident (Item 12, Def.Ex. B, ¶¶ 27–29). Furthermore, the collective bargaining agreement allows dismissal of employees, following an investigation, who commit "a major offense" (Item 12, Def.Ex. A. Rule 34). Major offenses include reckless operation, reporting for or at work under the influence of alcohol or drugs, theft, willful destruction of property, insubordination and fighting on the job (Item 12, Def.Ex. A, Rule 34(a)).

Plaintiff was terminated for failing to assist in the investigation of his accident, and for insubordination (See Item 12, Def. Exs. E – G). These issues are clearly matters which fall under the collective bargaining agreement, not the Federal Employers Liability Act. Because this is a minor dispute under the RLA, this court does not have the authority to grant plaintiff injunctive relief. *See Gust,* 942 F.Supp. at 410–11. Accordingly, plaintiff's motion should be denied.

## II. Investigation of the Accident Does not Violate Plaintiff's Right to Counsel.

 Plaintiff further contends that defendant's attempt to investigate the accident without the assistance of his counsel violates the discovery rules of the Federal Rules of Civil Procedure, as well as FELA's prohibition against preventing employees of common carriers from fur-

nishing information relating to an injury or death (Item 7, ¶¶ 18–24). *See* FED.R.CIV.P. 26–30; 45 U.S.C. § 60. Plaintiff is not entitled to counsel during a disciplinary proceeding. *Holmes v. Elgin, Joliet & Eastern Ry. Co.,* 815 F.Supp. 279, 284 (N.D.Ind.1992) (quoting *Clark v. Seaboard Coast Line R.R. Co.,* 332 F.Supp. 380 (N.D.Ga.1970)). The findings of any investigation and the results of a disciplinary proceeding can only be used for impeachment purposes if the plaintiff gives inconsistent statements. *Id.* Even if this occurs, plaintiff will be given the opportunity to explain the circumstances giving rise to the inconsistent statement. *Id.*

## III. Plaintiff Fails to Show Irreparable Harm.

 Assuming, *arguendo,* that the court had jurisdiction to enjoin defendant's from terminating plaintiff, I would still recommend that plaintiff's motion be denied. The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination of the merits. *Alliance Bond Fund v. Grupo Mexicano de Desarrollo,* 143 F.3d 688, 692 (2d Cir.1998), *cert. granted,* —— U.S. ——, 119 S.Ct. 537, 142 L.Ed.2d 447 (1998); *Bank of New York Co., v. Northeast Bancorp,* 9 F.3d 1065, 1067 (2d Cir.1993). A plaintiff must show two things in order to obtain a preliminary injunction. The plaintiff must (1) demonstrate that he will suffer irreparable harm without injunctive relief, and (2) he must show "'either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tipping decidedly in its favor.'" *Alliance Bond Fund,* 143 F.3d at 696; *Polymer Tech. Corp. v. Mimran,* 37 F.3d 74, 77–78 (2d Cir.1994); *Blum v. Schlegel,* 18 F.3d 1005, 1010 (2d Cir.1994). Unless plaintiff meets both prongs of this test, a preliminary injunction cannot be granted. Plaintiff's claim

fails to meet the irreparable harm requirement.

The irreparable harm requirement is the most important factor in determining whether a preliminary injunction should issue. *Alliance Bond Fund,* 143 F.3d at 696; *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 275 (2d Cir.1985). Irreparable harm is an injury in which a money judgment cannot compensate for the harm which was caused. *Alliance Bond Fund,* 143 F.3d at 697. Plaintiff fails to show that he will suffer irreparable harm if the preliminary injunction is not granted. The only harm plaintiff alleges is that he will be terminated from his position with the South Buffalo Railway Company, and he may lose pension and other benefits (Item 7). Termination from employment is not an irreparable injury. *Adamsons v. Wharton,* 771 F.2d 41, 43 (2d Cir.1985); *Shady v. Tyson,* 5 F.Supp.2d 102, 109 (E.D.N.Y.1998). In order for an employment discharge to rise to the level of an irreparable harm the plaintiff must demonstrate the following:

> (1) [That he] has little chance of securing future employment; (2) has no personal or family resources; (3) has no private unemployment insurance; (4) is unable to finance a loan privately; (5) is ineligible for public assistance; and (6) there are no other compelling circumstances weighing heavily in favor of interim relief.

*Shady,* 5 F.Supp.2d at 109. " 'In essence, the plaintiff must quite literally find himself being forced into the streets or facing the spectre of bankruptcy before a court can enter a finding of irreparable harm.' " *Id.* (quoting *Williams v. State Univ. of N.Y.,* 635 F.Supp. 1243, 1248 (E.D.N.Y. 1986)). Plaintiff fails to make this showing.

Absence a showing of irreparable harm, it is not necessary to examine the second prong of the preliminary injunction requirements. *See Shady,* 5 F.Supp.2d at 109; *Meadows v. State Univ. of N.Y. at Oswego,* 832 F.Supp. 537, 542 (N.D.N.Y.

1993). Thus, even if the court had jurisdiction to grant the relief requested, I would still recommend that plaintiff's motion be denied.

In addition, defendant argues that its behavior cannot be enjoined because the issue is moot. On November 23, 1998, plaintiff was notified that his employment relationship with defendant was terminated (Item 12, Def.Ex. F). An issue is mooted where the activities the plaintiff seeks to enjoin have already occurred and the court cannot undo what has already been done. *See Bank of New York Co.,* 9 F.3d at 1067 (noting that generally an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined). Thus, plaintiff's termination moots the issue of whether a preliminary injunction should issue.

## CONCLUSION

For the above stated reasons, plaintiff's motion for a preliminary injunction should be denied (**Item 7**). Additionally, plaintiff's motion for an expedited hearing can be removed from the docket (**Item 9**).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Mas-*

sachusetts *Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir.1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the plaintiff and the defendant.

**So Ordered.**